## PUBLIC SERVICE COMPANY OF COLORADO, Plaintiff–Appellant,

v.

## INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. III, Defendant–Appellee.

No. 89–1127.

United States Court of Appeals, Tenth Circuit.

April 5, 1990.

Salie B. O'Malley (David W. Kerber, also on the briefs) of Kelly, Stansfield & O'Donnell, Denver, Colo., for plaintiff-appellant.

Ellen M. Kelman (Joseph M. Goldhammer, also on the brief) of Brauer, Buescher, Valentine, Goldhammer & Kelman, P.C., Denver, Colo., for defendant-appellee.

Before McKAY, BARRETT, and SEYMOUR, Circuit Judges.

PER CURIAM.

This case involves an appeal from an arbitration award in a labor dispute over the assignment of work for janitorial services. The issue submitted to the tripartite board of arbitration was: "Did the Company violate the Collective Bargaining Agreement when the Company sub-contracted work of Custodians to non-bargaining unit employees at the Materials Distribution Center Facility? If so, what is the appropriate remedy?" Record, vol. 2, doc. 1, at 2.

The board sustained the union's grievance and directed the company to use bargaining unit personnel to perform all custodial work at the MDC facility. The company brought an action in the district court to set aside the arbitration award claiming the arbitration board exceeded its authority because the agreement was silent as to the

hiring of bargaining unit custodians. The defendants counterclaimed seeking an order compelling specific performance of the arbitration award. The trial court, 709 F.Supp. 212, entered summary judgment for defendants affirming the arbitration award. On appeal, the same issues are raised.

 The assignment of custodial work was a subject matter of the bargaining in this agreement. During the negotiating sessions the company explicitly agreed to the use of two bargaining unit custodians during the day. Record, vol. 2, doc. 1, at 4. The agreement made no mention of contracting out any other custodial work. Based on credible evidence, the board found that the company dropped its insistence on the right to contract out custodial work and left the reasonable impression with the bargaining unit negotiator that all custodial service would be done by bargaining unit employees. *Id.* at 3–4, 10. The board also credited the company's assertion that it did not believe that it had agreed to such a position. *Id.* at 9. The board did find that there was no genuine meeting of the minds, and further added that both parties left the bargaining table with different understandings of what had been orally agreed upon. *Id.* Using the language of estoppel, the board suggested that the conduct of the company in the bargaining session—in withdrawing its previous insistence and then not mentioning its subjective intent—estopped it to assert a different result. *Id.* at 11. While the company argues strenuously that the board's finding that there was no meeting of the minds is inconsistent with its result, we conclude otherwise. Read in context, we find that the board is simply saying that the company is estopped from denying that there was an agreement on this point. Principles of equitable estoppel are clearly available to arbitrators. Indeed, the power of arbitrators concerning every body of law is broader than the power of courts concerning those same bodies of law.

On appeal, the real question for us is whether the arbitrators' award draws its essence from the agreement. *United Pa-*

*perworkers Int'l Union, AFL–CIO v. Misco, Inc.,* 484 U.S. 29, 36, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987); *United Food & Commercial Workers, Local Union No. 7R v. Safeway Stores, Inc.,* 889 F.2d 940, 946 (10th Cir.1989). It is conceded by the company that the contract between the parties dealt with the subject matter of custodial services. We cannot say that the board acted beyond its authority in applying equitable principles in determining that the company could not sub-contract work of custodians to nonbargaining unit employees. Under the broad authority of arbitrators as enunciated in *United Paperworkers* and *United Food,* this decision clearly finds its essence in those provisions of the contract relating to the assignment of this work and does not contradict any express provisions of that agreement. We have no authority to review whether the arbitrators were correct or incorrect but only to determine whether their decision draws its essence from the agreement.

The trial court's denial of the company's motion for summary judgment is AFFIRMED, its grant of the union's motion for summary judgment is AFFIRMED, and the order of the Board of Arbiters is ordered ENFORCED pursuant to the union's counterclaim.