GK MGT INC, t/a Bogart at the Latham, Appellee,

v.

**LOCAL 274, HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES UNION, AFL–CIO, Appellant.**

No. 90–1750.

United States Court of Appeals, Third Circuit.

Argued Feb. 26, 1991.

Decided April 10, 1991.

Howard Flaxman (argued), Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for appellee.

Bernard N. Katz (argued), Elissa B. Katz, Meranze & Katz, Philadelphia, Pa., for appellant.

Before STAPLETON, ALITO and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Defendant Local 274 ("union") appeals the order of the district court granting plaintiff GK Management ("employer") summary judgment and denying it summary judgment in the employer's action to set aside an arbitration award in the union's favor. The district court exercised jurisdiction under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1988). This court has jurisdiction under 28 U.S.C. § 1291 (1988).

## I. FACTS AND PROCEDURAL HISTORY

The relevant facts are not disputed. This case concerns the employer's discharge of an employee, a waiter at Bogart's restaurant in Philadelphia. The collective bargaining agreement between Bogart's and the union was binding on the parties at all times relevant to this case.

Section 11.1 of the agreement prohibited suspension or discharge of an employee without reasonable cause. Under Section 12.1 "[a]ll matters in controversy or dispute, arising out of the interpretation or application of this Agreement" were subject to the agreement's dispute resolution procedures. Sections 12.1 and 12.2 of the agreement called first for a two-step procedure culminating in a decision by the employer with respect to a disputed matter. A party dissatisfied with the employer's decision could then submit the matter to arbitration under Section 12.3 pursuant to the rules of the American Arbitration Association ("AAA"). Section 12.4 of the agree-

ment contained the following limitation on arbitration submissions:

> No grievance may become the subject of arbitration under this Article unless … it is … submitted to arbitration under Section 5 within fifteen (15) days of the date of the [employer's] decision, … provided, however, that exceptions to this rule may be agreed to in writing between the parties.

Section 12.5 of the agreement provided that the arbitrator "shall not have the power or the authority to add to, subtract from, amend, modify, change or vary the terms of this agreement."

The employee was discharged on February 8, 1989. On February 10 union and employer representatives met to discuss the events giving rise to the employer's decision to discharge the employee, and on the same day the employer wrote the union summarizing its views expressed at the meeting. The parties agree that February 10 was the date of the employer's decision not to rehire the employee.

On May 19, 1989, over two months beyond the fifteen-day time limit provided in Section 12.4, the union sent a letter to the employer that stated: "After further evaluation … it has been concluded that the grievant may not have been discharged for just cause. Accordingly, it is necessary that the matter proceed to impartial arbitration." The letter also proposed a number of arbitrators and requested that the employer respond. The employer did not respond to this letter.[1]

On August 9, 1989, the union submitted the discharge matter to the AAA. Thereafter the employer sent a letter to the AAA, with a copy to the union, as to the choice of arbitrators. This letter stated that "participation in arbitrator selection is made without prejudice to any position the employer may take as to the procedural arbitrability of the matter." The parties proceeded to arbitration.

The record contains no explicit reference to the issues submitted to the arbitrator. However, the record and appellate briefs make clear that the parties submitted the following questions: (1) whether the union forfeited its right to arbitration due to its delay, and (2) if not, whether the discharge was for just cause.

The arbitrator, in his opinion and award dated January 30, 1990, first determined that the discharge was arbitrable despite the delay. He then proceeded to the merits and determined that, although the facts were not entirely clear, the employee should not have been discharged. The arbitrator ordered that the employee be offered reinstatement and back pay from the time of his discharge to the time of the union's May 19 letter.

On February 15, 1990, the employer brought this action in the United States District Court for the Eastern District of Pennsylvania to set aside the award. The district court ruled on cross motions for summary judgment on September 21, 1990. It concluded that the arbitrator's timeliness ruling did not draw its essence from the agreement, and thereupon granted the employer's motion for summary judgment, denied the union's motion and vacated the award. The union filed a timely notice of appeal.

## II. DISCUSSION

■ This court's standard of review of the district court's summary judgment rulings is plenary. *Pennsylvania Power Co. v. Local Union # 272 of Int'l Bhd. of Elec. Workers, AFL–CIO*, 886 F.2d 46, 48 (3d Cir.1989).

---

1. The union conceded at oral argument, and we assume for the purposes of this appeal, that neither the agreement nor the Voluntary Rules of the AAA imposed upon the employer an obligation to respond to the union's letter of May 19. Nevertheless, in its answer to the union's motion to dismiss or in the alternative for summary judgment and cross motion for summary judgment the employer alleged that "[w]ithin a week or ten days of the receipt of [the May 19 letter] counsel for [the employer] communicated with [union counsel] advising him to invoke the AAA procedures to have the matter arbitrated." We cannot tell from the arbitrator's opinion whether he was made aware of this allegation. In view of our resolution of this matter we need not rely on the employer's allegation.

■ Preliminarily, we note that the parties do not dispute the authority of the arbitrator to decide the issue of arbitrability. Furthermore, a district court is obliged to give an arbitrator's decision as to arbitrability the same deference as is due an arbitrator's decision on the merits. *Pennsylvania Power*, 886 F.2d at 48. Thus, only if the arbitrator's determination as to arbitrability failed to "draw its essence" from the agreement may it be set aside. *See United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 36–38, 108 S.Ct. 364, 370–371, 98 L.Ed.2d 286 (1987); *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

The union asserts that the arbitrator acted within his authority in concluding that the discharge dispute was arbitrable despite the delay. It therefore contends that the district court erred in concluding that the arbitrator's determination as to arbitrability failed to draw its essence from the agreement. The employer rejoins that the arbitrability determination did not draw its essence from the agreement. In particular the employer argues that the arbitrator ignored Section 12.4 of the agreement requiring submission of the discharge dispute to arbitration within fifteen days of the employer's decision.

The arbitrator clearly did not ignore section 12.4. In his opinion and award he stated:

Article 12 indeed does state that a grievance must be "... submitted to arbitration under Section 5 within fifteen (15) days of the date of the [employer's] decision...." However, § 5 contains no prescription for a particular sort of arbitration procedure.... This is a reference that is unclear on its face.

In any event, no mention of any time limit defense was raised by the Employer when [the union] advised [the employer on] ... May 19, 1989 that the Union found it necessary to proceed to arbitration....

In general it is customary for parties in grievance matters to expend consider-able time, effort and expense in preparing cases to go to arbitration. When either party to a dispute gives the other cause, through action or inaction, to assume that a case is moving smoothly along through contractual grievance machinery it waives or becomes estopped to assert an earlier unmentioned procedural defect at a remote time.... In this case it would work a[n] ... injustice ... to allow the Employer to resurrect the timeliness issue as a bar to substantive review of this case after it sat on [the union's] letter....

*Bogart's Restaurant v. Hotel Employees & Restaurant Employees, Local Union No. 274*, No. 14–300–1280–89–Q (Pittsburgh January 30, 1990) (opinion and award of Duff, Arb.) at 6–7.

■ In determining whether an award draws its essence from an agreement, courts recognize that in interpreting a collective bargaining agreement an arbitrator is not confined to the terms themselves. Rather, in discharging his function under an agreement an arbitrator is entitled to take cognizance of contract principles. *See NF & M Corp. v. United Steelworkers*, 524 F.2d 756, 759 (3d Cir.1975) (award can be set aside only "where there is manifest disregard of agreement, totally unsupported by principles of contract construction") (quoting *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir.1969)).

■ The arbitrator's right to invoke contract principles includes the right to invoke principles of waiver and estoppel. *See Public Service Co. v. International Bhd. of Elec. Workers, Local Union No. III*, 902 F.2d 19, 20 (10th Cir.1990) (upheld award where arbitrator ruled employer estopped to deny that it agreed not to contract out); *Shopmen's Local 539 of Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, AFL–CIO v. Mosher Steel Co.*, 796 F.2d 1361, 1365 (11th Cir.1986) (upheld award where arbitrator determined employer's failure to object to delay prior to arbitration waived its right to object to timeliness of demand); *Ottley v. Sheepshead Nursing Home*, 688 F.2d 883, 890–91 (2d Cir.1982) (court refused to set aside award

on ground dispute was submitted out of time where arbitrator could have determined employer waived timeliness objection by failing to assert it before award was entered); *Holly Sugar Corp. v. Distillery, Rectifying, Wine & Allied Workers Int'l Union, AFL–CIO,* 412 F.2d 899, 903–04 (9th Cir.1969) (upheld arbitrator's determination that issue submitted out of time was arbitrable because employer's failure to notify employee of nature of work tolled running of time period); *cf.* F. Elkouri & E.A. Elkouri, *How Arbitration Works* 399 (4th ed. 1985 & Supp.1991) (arbitrators frequently apply principles of estoppel and waiver).

 It is not our province to decide whether the arbitrator was correct in his application of waiver or estoppel principles. *See Misco,* 484 U.S. at 38, 108 S.Ct. at 371 ("that a court is convinced [arbitrator] committed serious error does not suffice to overturn his decision."); *Tanoma Mining Co. v. Local Union No. 1269, United Mine Workers,* 896 F.2d 745, 749 (3d Cir.1990) (district court impermissibly substituted its application of agency principles for that of arbitrator's); *Shopmen's Local,* 796 F.2d at 1365 ("Whether or not the Court would agree with the arbitrator that these facts amounted to a waiver, it is not the function of the Court to second guess the arbitrator on matters that are within his power to decide."). Thus, we conclude that the arbitrator's timeliness ruling drew its essence from the agreement.[2]

 We also find unconvincing the employer's remaining contentions on this issue. First, we reject the argument that the arbitrator here engaged in "interest" arbitration in violation of Section 12.5 of the contract prohibiting the arbitrator from modifying the terms of the agreement. *See, e.g., Pennsylvania Power,* 886 F.2d at 48–49. Here the arbitrator was applying contract principles to the agreement. Second, we reject the relevance of *Pennsylvania Power* to the waiver issue in this case. We are not concerned here with an alleged

waiver of the right to judicial review of an arbitrability determination. Rather we address the application of the severely limited scope of that review in the context of an arbitrator's ruling that a party waived a contract right.

If it were our function to decide the timeliness issue we might well agree with the district court that the arbitrator erred both in finding that the agreement was unclear and in concluding that the employer either waived or was estopped from asserting the time delay. But our function is much more circumscribed and in that posture we cannot say that the purported errors resulted in a failure of the award to draw its essence from the agreement.

 One other matter needs to be addressed. The complaint can be read as attacking not only the arbitrator's timeliness ruling but also his ruling on the merits of the discharge grievance. However, we cannot confirm from the briefs whether the employer mounted any attack in the district court as to the merits determination in seeking summary judgment. We do know that the district court granted the employer's summary judgment motion solely on the timeliness ground. Thus, it is not clear whether the second issue raised by the complaint was preserved. We conclude in the interest of justice that the preferable course is to vacate the district court's order and remand the case to afford the employer an opportunity to attack the arbitrator's merits determination if it is appropriate to do so.

## III.  CONCLUSION

The order of the district court will be vacated and the matter remanded for further proceedings consistent with this opinion.

---

**2.** We note that our determination does not rest on the arbitrator's view that the agreement's time limitation was ambiguous.