**68**

ARCADE MAINTENANCE,
INC., Plaintiff,

v.

SERVICE EMPLOYEES INTERNA-
TIONAL UNION, LOCAL UNION NO.
29, AFL–CIO, CLC, Defendant.

Civ. A. No. 91–1830.

United States District Court,
W.D. Pennsylvania.

March 20, 1992.

James J. Brown, Ronald J. Andrykovitch, Jeffrey A. Van Doren, Cohen & Grigsby, Pittsburgh, PA, for plaintiff.

Robert A. Eberle, Jubelirer, Pass & Intrieri, P.C., Pittsburgh, PA, for defendant.

## OPINION

DIAMOND, Chief Judge.

Pending before the court are cross-motions for summary judgment which arise out of a dispute over the enforceability of a labor arbitration award. We have jurisdiction pursuant to the Labor Management Relations Act, 29 U.S.C. § 185 *et seq.* ("Act"). Defendant, Service Employees International Union, Local Union No. 29, AFL–CIO, CLC ("Union"), has filed a motion for summary judgment to enforce an arbitrator's award and plaintiff, Arcade Maintenance, Inc. ("Company") opposes defendant's motion and has filed its own motion to vacate the arbitration award. Both parties agree that there is no genuine issue of material fact in dispute, thus both agree that this case is appropriately postured for summary judgment. Plaintiff's Motion for Summary Judgment at ¶ 1; Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment at ¶ 2; *see Felton v. Southeastern Pennsylvania Transp. Auth.,* 952 F.2d 59, 60 (3d Cir. 1992).

At issue in this case is whether an arbitration award should be vacated because the award is not based on the facts set forth in the written joint stipulation of the record which was submitted to the arbitrator and because the award did not "derive its essence" from the collective bargaining agreement. Plaintiff contends that arbitrator Miller exceeded his authority and committed "affirmative gross misconduct by assuming facts which had no support in the record in violation of the parties' agreement that the case presented to him be decided solely upon the written joint stipulation of the record" and additionally, plaintiff insists that arbitrator Miller's award

"ignor[ed] an express contractual time limitation on the filing of grievances." *See* Plaintiff's Motion for Summary Judgment at ¶ 2(a), (c). Conversely, defendant seeks to enforce the arbitration award, because the award is firmly grounded in the factual record and because the award derives its essence from a provision in the collective bargaining agreement. We agree with defendant and for the reasons which follow, we will grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment. We will therefore order that the Miller award be enforced.

### I. *Background*

Plaintiff is engaged in the business of commercial cleaning, primarily in the Pittsburgh, Pennsylvania, area. Defendant represents employees who work for the Company at various Pittsburgh facilities, including a bargaining unit employed by the company at One Mellon Bank Center in Pittsburgh. A collective bargaining agreement binds the company and the union at One Mellon Bank Center. *See* Plaintiff's Complaint, Ex. A, E.

In June and July of 1989, six employees at One Mellon Bank Center filed grievances protesting the company's proration of vacation benefits. While these individual complaints were being processed, the union argued that they should be treated as a class action grievance on behalf of the entire bargaining unit and the company opposed this argument. In accordance with the grievance-arbitration provision of the collective bargaining agreement (Article 12),[1] the six grievances were submitted to arbitrator Helen M. Witt for a final and binding determination. In a hearing before arbitrator Witt, the parties argued both the substantive merits of the grievances and the procedural issue of whether the grievances should be treated as a class action on behalf of the entire bargaining unit. On December 14, 1990, arbitrator Witt issued her award. *See* Plaintiff's Ex. B. Arbitrator Witt sustained the individual grievances on the merits, however, she rejected the argument that the six grievances could be treated as a class action.

The company thereafter remedied the six individual grievances and it refused to apply the terms of the remedy to other bargaining unit employees. On December 20, 1990, therefore, the union filed a grievance on behalf of the entire bargaining unit, challenging the company's proration of vacation benefits from July, 1989, through December 20, 1990. The company took the position that it would remedy any individual complaint which occurred within fourteen days *prior* to a date of the issuance of the Witt award, but that the class action grievance was untimely in view of the time limits set forth in Section 12.1 of the agreement. The company argued that the class action grievance was not filed within fourteen days of the date when each *individual* employee received prorated vacation benefits for the period from July, 1989, through November 26, 1990 (that is, within fourteen days prior to the issuance of the Witt award).

The class action grievance made its way through the grievance procedure without resolution and the matter was subsequently submitted to arbitration pursuant to the terms of Article 12 of the agreement. The parties selected arbitrator William J. Miller, Jr. from a panel provided by the Federal Mediation and Conciliation Service. The parties agreed that Mr. Miller would render a final and binding determination. The parties also agreed to frame the dispute in the form of a joint stipulation of the record and no hearing was held and no other evidence was presented to arbitrator Miller, although the parties submitted briefs in support of their respective provisions. The joint stipulation expressly incorporates the provision of Section 12.1 by which the com-

---

**1.** Section 12.1 of the collective bargaining agreement reads in pertinent part:

Section 12.1. All grievances between the parties arising under this agreement shall be settled in the following manner:

Step 1. A grievance shall be submitted in writing to the immediate non-union supervisor and shop steward within fourteen (14) calendar days after the grievance occurred or when the grievant should have known the same.

*See* Plaintiff's Ex. A.

pany and the union agreed that the decision of arbitrator Miller was to be final and binding.

On September 25, 1991, arbitrator Miller issued his opinion and award. The award sustained the union's grievance in its entirety and it rejected the company's argument that the class action grievance was barred by virtue of time limitations set forth in Section 12.1. Arbitrator Miller recognized that Section 12.1 presents two alternate time limitations in that a grievance must be filed: (1) within fourteen days of the occurrence of the violation or (2) when the grievant should have known of the violation. Because the joint stipulation established that the first condition had not been met, arbitrator Miller's analysis was restricted to whether the grievance was timely within the meaning of the second alternate condition of Section 12.1.

With regard to when a grievant "should" have known of his grievance, arbitrator Miller stated that the class action grievance was tolled during the time that arbitrator Witt was deliberating whether to treat the six individual complaints as a class action grievance. Arbitrator Miller opined that it was reasonable to conclude that other employees refrained from filing grievances while their status regarding the ostensible class action was being resolved before arbitrator Witt. Arbitrator Miller's conclusion was based on the inference that other bargaining unit employees did not know of the necessity to file a grievance on their *own behalf* in view of the fact that they only became aware of the necessity to file such a grievance when arbitrator Witt issued her award. Thus, once arbitrator Miller found the class action grievance to be timely (because the filing of the grievance on December 20, 1990, was within fourteen days of the day when the grievant should have known of the grievance, i.e. December 14, 1990, the date of the Witt award), he then applied the analysis of the Witt award to sustain the grievance on the merits.

Plaintiff argues that arbitrator Miller exceeded his authority under the agreement because there is no actual testimony in support of arbitrator Miller's conclusion that the employees did not know of the need to file grievances during the pendency of the proceeding before arbitrator Witt. The company therefore maintains that arbitrator Miller assumed facts not contained in the joint stipulation and that the Miller award is therefore invalid. In response to plaintiff's motion to vacate, the union submits its own motion pursuant to Fed. R.Civ.P. 56(c) for summary judgment as to plaintiff's complaint and defendant's counterclaim to enforce the Miller award.

## II. *Analysis*

■ The federal courts exercise a narrow scope of judicial review when they are asked to determine whether an arbitration award "draws its essence" from a collective bargaining agreement. *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Courts must not apply their own brand of "industrial justice." *Id.* See also *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). This narrow scope of judicial review over arbitration awards effectuates the federal policy of deference to grievance dispute mechanisms which are selected by the parties to collective bargaining agreements. *See* 29 U.S.C. § 173(d); *United States Postal Service v. National Ass'n of Letter Carriers*, 839 F.2d 146, 148–49 (3d Cir.1988). The Court of Appeals for the Third Circuit has acknowledged that courts must defer to an arbitrator's decision if that decision derives its essence from the collective bargaining agreement, and courts have "no business overruling [the arbitrators] because their interpretation of the contract is different from his." *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1125–26 (3d Cir.1969) (citations omitted).

■ Thus, we may vacate the Miller award only if the determination as to the timeliness of the filing of the class action grievance under Section 12.1 failed to "draw its essence" from the agreement. *GK Mgt., Inc. v. Local 274, Hotel Employ-*

*ees and Restaurant Employees Union,* 930 F.2d 301, 304 (3d Cir.1991) (citations omitted). In determining whether an award draws its essence from an agreement, courts recognize that collective bargaining agreements are "not confined to the terms themselves" but rather the arbitrator may discharge his duty under the agreement by giving meaning to contractual terms. That is,

> it is irrelevant whether the courts agree with the arbitrator's application and interpretation of the agreement ... [w]here it is possible that the arbitrator could have been interpreting the contract, his failure to apply correct contract principles is irrelevant; the arbitrator's contract interpretation must be *irrational* before a reviewing court may disturb the award.

*Roberts & Schaefer Co. v. Local 1846, U.M.W.,* 812 F.2d 883, 885 (3d Cir.1987) (citations omitted and emphasis added). *See also NF & M Corp. v. United Steelworkers,* 524 F.2d 756, 759 (3d Cir.1975) (award can be set aside only "where there is manifest disregard of an agreement, totally unsupported by principles of contract construction").

In view of this narrow scope of review, we do not believe we should vacate arbitrator Miller's determination that for the purposes of Section 12.1 of the agreement, employees "should have known" of their grievance when arbitrator Witt handed down her award. We may not simply substitute our construction of Section 12.1 for that of the arbitrator and, moreover, we believe that the Miller award is based on a fair reading of the agreement. *See Tanoma Mining Co. v. Local Union No. 1269, United Mine Workers,* 896 F.2d 745, 749 (3d Cir.1990) (district court impermissibly substituted its application of contract principles for that of the arbitrator's).

Nor do we find persuasive the company's argument that arbitrator Miller found facts which are not contained in the joint stipulation. Apart from the fact that the Supreme Court has made it clear that a reviewing court does not sit to hear allegations of factual error because it is the arbitrator's function to find facts, *see United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 38–39, 108 S.Ct. 364, 370–371, 98 L.Ed.2d 286 (1987), arbitrator Miller performed his factfinding in a narrow and constrained fashion and he is permitted to draw inferences from facts of record and to rely on those inferences in order to support a subsequent legal conclusion. *Tanoma, supra* at 748–49.

We find that arbitrator Miller drew reasonable inferences from the facts before him in support of his legal conclusion. Arbitrator Miller noted that the record indicated that the company maintained its proration policy from 1989 through the issuance of the Witt award in December, 1990, and that the timeliness of grievances was controlled by the provisions of Section 12.1 of the Agreement. Arbitrator Miller then discussed the application in this case of the second alternate timeliness provision which is set forth in Section 12.1. Reviewing the facts of the case, arbitrator Miller outlined the parties' respective positions during the Witt arbitration proceedings and he noted that the Witt award treated the six complaints as *individual* grievances, and not a class action complaint. Arbitrator Miller then noted that the parties had discussed the class action nature of the six individual grievances while those grievances were pending and that this fact was set forth in the joint stipulation. *See* Witt Award at 7–8. From these established facts, arbitrator Miller explained that it was logical to conclude that other employees would refrain from filing a grievance while the Witt proceeding was pending and that notice to those employees of the necessity to file their *own* complaints did not occur until the Witt award was issued.

Indeed, we agree with plaintiff that the company tacitly concedes that arbitrator Miller's reasoning is, at minimum, a plausible explanation of the factual record. At footnote 5, on page 9 of its brief the company asserts:

> For example, it is *just as reasonable* to "presume" or "opine" that other employees *chose not* to file grievances concerning vacation pay.

**72**

(emphasis in original). This statement denotes that there are several plausible inferences to be drawn from the facts. Consequently, the company disagrees with arbitrator Miller's choice among reasonable alternatives. This disagreement, however, does not create a basis for a reviewing court to disturb arbitrator Miller's findings. Accordingly, we are not persuaded by the company's argument that arbitrator Miller committed factual error. *See Tanoma Mining, supra; see also Eichleay Corp. v. International Assoc. of Bridge Structural & Ornamental Ironworkers*, 944 F.2d 1047, 1056 (3d Cir.1991) (district court may not vacate an arbitration award merely because it would decide the merits differently and so long as the arbitration award has some support in the record and the arbitrator has not manifestly disregarded the law the court should affirm the award).

Additionally, because we find arbitrator Miller's inferences are grounded in the factual record and because the parties agreed to present the matter to arbitrator Miller by submitting a joint stipulation, plaintiff's somewhat strained due process argument must fail. There is a dearth of support for plaintiff's argument that it was denied due process in view of the fact that it was not permitted to present evidence to rebut arbitrator Miller's conclusion. *See* Plaintiff's Br. at 12. We find the company's reasoning somewhat tautological because, by definition, a colorable due process claim would arise any time a party is not permitted to supplement a factual record after it agreed to have the dispute resolved only on the basis of a joint stipulation of facts.

For the reasons set forth above, we will deny plaintiff's motion to vacate the arbitration award and we will grant defendant's motion for summary judgment for enforcement of the arbitration award.