JUSTICE NELSON
specially concurs and dissents.
¶44 I concur with our decision as to the cross-appeal. I would reverse and remand, however, as to Issue 1 and would, therefore, not reach Issue 2.
¶45 I cannot agree with the Court’s decision as to the first issue. In my view the District Court clearly abused its discretion when it refused to vacate the arbitration award, as is required by § 27-5-312( l)(c), MCA, on the basis that the arbitrator had exceeded his powers.
¶46 As noted by the majority, we most recently acknowledged in Nelson v. Livingston Rebuild Center, Inc., 1999 MT 116, 294 Mont. 408, 981 P.2d 1185, that:
an arbitrator exceeds his powers when he acts in excess of the authority granted to him by the arbitration agreement, as when he decides issues which have not been submitted to him.
Nelson, ¶ 16 (citations omitted).
*356 ¶47 In the case at bar, it is undisputed that the equitable estoppel theory of liability was not submitted to the arbitrator nor was it covered by the claims submitted under the arbitration agreement. Section 2 of the parties Agreement to Arbitrate provides:
The parties agree that all claims identified in Plaintiff’s Complaint will be submitted to binding arbitration. The following claims contained in Defendánt’s Answer, Counterclaim, and Third Party Complaint and Jury Demand will be submitted to binding arbitration: COUNT I - Breach of Contract, COUNT II - Quantum Meruit, COUNT III - Action on Surety, COUNT IV - Breach of Fiduciary and Statutory Duty, COUNT V - Breach of Operating Agreement, COUNT VI - Piercing the Corporate Veil, COUNT X - RICO, COUNT XI - Punitive Damages, and COUNT XIII - Judicial Dissolution. The parties agree that Stu Henkel Realty will be seeking a monetary judgment against both Dillon Management Consulting, Inc. and Terra West Townhomes, L.L.C. for Dillon Management Consulting, Inc.’s management of Terra West Townhomes, L.L.C. Both parties submit their respective attorneys fees claim to binding arbitration. The remaining claims contained in Defendant’s Answer, Counterclaim and Third Party Complaint will be dismissed.
¶48 While Stu Henkel Realty advances all sorts of arguments as to why the arbitrator’s decision on the basis of equitable estoppel was proper, it, nonetheless, concedes on brief, as it must, that this theory was not plead as a separate theory of recovery. As a result, this theory was not included as one of the claims submitted to binding arbitration under the Agreement to Arbitrate.
¶49 Moreover, while Stu Henkel Realty raised equitable estoppel and estoppel as affirmative defenses to Terra West’s breach of contract claim, to the extent that those theories could conceivably be considered a “remaining claim [] contained in Defendant’s Answer” those theories were specifically dismissed pursuant to the Agreement to Arbitrate and were specifically not submitted to arbitration. The words “equitable estoppel” and “estoppel,” much less the underlying theories encompassed within those terms, never even appear in any of the claims submitted to the arbitrator under the Agreement to Arbitrate.
¶50 While both the trial court and Stu Henkel Realty go to great lengths to cobble up a basis to save the award which the arbitrator made, it is absolutely clear that the arbitrator purely and simply *357 went beyond the parties’ arbitration agreement by deciding an issue which was not submitted to him. In so doing the arbitrator exceeded his authority and his decision should not have been confirmed by the reviewing court. Section 27-5-312(l)(c), MCA.
¶51 Moreover, I do not agree with the majority’s citation to Public Service. Co. of Colorado v. Local No. III (10th Cir. 1990), 902 F.2d 19. That case did not involve the submission of specific claims and legal theories to the arbitrator under a written arbitration agreement, as in the case at bar, but rather, involved an arbitration award arising from a labor dispute covered by a collective bargaining agreement. Public Service, 902 F.2d at 19. The court, in fact, stated: “On appeal, the real question for us is whether the arbitrators’ award draws its essence from the agreement." Public Service, 902 F.2d at 20 (citations omitted). In the instant case, the arbitrator was not appointed to determine generally the “essence” of the parties’ agreements. Quite to the contrary, his powers and authority were much narrower. He was appointed to decide the applicability and viability of certain specifically enumerated legal theories and causes of action. Public Service is inapposite.
¶52 Accordingly, I would reverse the District Court’s order and remand with instructions that the arbitration award be vacated and the matter reheard before a new arbitrator to be selected by the court under §§ 27-5-312(4) and 27-5-211, MCA.
¶53 I dissent from our failure to do so.
JUSTICE HUNT concurs in the forgoing special concurrence and dissent.