**RUTGERS ORGANIC CORP., Plaintiff,**

v.

**UNITED STEELWORKERS OF AMERICA, AFL—CIO/CLC, and United Steelworkers of America, Local 8166, Defendants.**

**No. 4:CV–01–1605.**

United States District Court,
M.D. Pennsylvania.

April 12, 2002.

---

A. Patricia Diulus-Myers, Jackson Lewis Schnitzler & Krupman, Pittsburgh, PA, for plaintiff.

Arlus J. Stephens, Pittsburgh, PA, for United Steel Workers of America, Local 1866.

Robert D. Clark, Assistant General Counsel, United Steel Workers of America, Pittsburgh, PA, for United Steelworkers of America, AFL-CIO/CLC.

## ORDER

MUIR, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On August 22, 2001, Plaintiff Rutgers Organic Corporation (hereinafter "Rutgers"), initiated this action by filing a complaint pursuant to Section 301 of the Labor–Management Relations Act of 1947, as amended, 28 U.S.C. § 185, *et seq.* On September 27, 2001, Rutgers filed an amended complaint. Rutgers' claims arise from an arbitrator's award entered on July 23, 2001, in which the arbitrator upheld a grievance filed on behalf of Dennis Confer. Confer was an employee of Rutgers who applied for and received disability benefits through Rutgers. For the purposes of this case, Rutgers' primary argument in defending against Confer's grievance was that Confer had not pursued his grievance within the time allowed by the collective bargaining agreement.

In the 16–page decision explaining her award, the arbitrator rejected all of Rutgers' arguments and ordered it to pay long term disability payments to Confer. The arbitrator found Rutgers' timeliness argument "to be deficient [in] several areas." (Document 25, Exhibit B, p. 9) The arbitrator cited the following specific grounds to support her rejection of Rutgers' timeliness argument: 1) Rutgers failed to raise the argument according to the procedure required by most arbitrators; 2) the manner in which Rutgers presented the argument did not allow the Unions a fair opportunity to respond to it;

3) certain defenses could have been presented by the Unions if they had been afforded an opportunity to respond; and 4) "[o]n its face, the Grievance Report ... is in compliance" with the provisions upon which Rutgers' timeliness argument was based. (Id., pp. 9–10.)

In its amended complaint filed in this court, Rutgers seeks an order either vacating the arbitrator's award or remanding this case to the arbitrator because 1) the arbitrator's written decision does not address the supporting evidence regarding the untimeliness of the grievance, 2) the arbitrator committed affirmative misconduct by failing to review the evidence and arguments concerning the timeliness of the underlying grievance, and 3) the arbitrator's treatment of Rutgers' timeliness argument

> violates public policy, does not draw its essence from the contractual agreement between [the parties], is beyond the scope of the arbitrator's authority under the parties' collective bargaining agreement, is punitive in nature, is a result of the application of the arbitrator's own brand of industrial justice, and is not supported by the record before the arbitrator.

(Document 5, p. 6, para. 20.)

Cross-motions for summary judgment were filed in this case on January 31, 2002. On February 15, 2002, the Unions timely filed a brief opposing Rutgers' summary judgment motion. Rutgers' reply brief was due to be filed by March 7, 2002, and no such brief was filed.

Rutgers did not file a brief in opposition to the Unions' summary judgment motion. Consequently, on March 8, 2002, we issued an order providing Rutgers one more opportunity to file such a brief. Rutgers timely filed its opposition brief on March 18, 2002. The Unions timely filed their reply brief on April, 1 2002, thereby ripening the cross-motions for summary judgment.

Summary judgment is appropriate only when there is no genuine issue of material fact which is unresolved and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them. *Peterson v. Lehigh Valley Dist. Council,* 676 F.2d 81, 84 (3d Cir.1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corporation v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325, 106 S.Ct. 2548. Because summary judgment is a severe remedy, the Court should resolve any doubt about the existence of genuine issues of fact against the moving party. *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981).

As summarized by the Advisory Committee On Civil Rules, "[t]he very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed.R.Civ.P. 56 advisory committee note to 1963 Amendment.

The same standard governs cross-motions for summary judgment. *Continental Ins. Co. v. Kubek,* 86 F.Supp.2d 503, 505 n. 2 (E.D.Pa.2000) (Katz, J.) (citing *Appelmans v. Philadelphia,* 826 F.2d 214, 216 (3d Cir.1987)). When considering such cross-motions "each motion must be considered separately, and each side must still establish a lack of genuine issues of mate-

rial fact and that it is entitled to judgment as a matter of law." *Nolen v. Paul Revere Life Ins. Co.,* 32 F.Supp.2d 211, 213 (E.D.Pa.1998) (Robreno, J.). We will apply those principles to the pending motions for summary judgment.

■ The United States Supreme Court has consistently held that "[j]udicial review of a labor-arbitration decision pursuant to [an arbitration agreement] is very limited." *Major League Baseball Players Assoc'n v. Garvey,* 532 U.S. 504, 121 S.Ct. 1724, 1728, 149 L.Ed.2d 740 (2001). The universe of facts upon which we may rely in performing such a review is limited to those in the record presented to the arbitrator. *Id.* 121 S.Ct. at 1729 ("established law ordinarily precludes a court from resolving the merits of the parties' dispute on the basis of its own factual determinations, no matter how erroneous the arbitrator's decision.")

When reviewing an arbitrator's award, the United States Supreme Court has further commented that

> courts will set aside the arbitrator's interpretation of what their agreement means only in rare instances.... Of course, an arbitrator's award "must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice." United ed *Paperworkers v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). "But as long as [an honest] arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," the fact that "a court is convinced he committed serious error does not suffice to overturn his decision." *Ibid.;* see also *Enterprise Wheel, supra,* at 596, 363 U.S. 593, 80 S.Ct. 1358 (the "proper judicial approach to a labor arbitration award is to refus[e] ... to review the merits").

*Eastern Associated Coal Corp. v. United Mine Workers of America, District 17, et al.,* 531 U.S. 57, 62, 121 S.Ct. 462, 466–467, 148 L.Ed.2d 354 (2000).

■ Rutgers' claims in this case are based on its premise that the arbitrator did not properly address Rutgers' argument that the Unions had failed to pursue the grievance within the time allowed by the arbitration agreement. The issues to be resolved in this case are governed to a large extent by the case of *GK MGT, Inc. v. Local 274,* 930 F.2d 301 (3d Cir.1991), in which the Court of Appeals for the Third Circuit addressed a very similar set of facts and issues. One issue raised in *GK MGT, Inc.* was "whether the union forfeited its right to arbitration due to its delay" in pursuing the dispute as required by the parties' collective bargaining agreement.

The arbitrator in *GK MGT, Inc.* determined that the dispute was subject to arbitration despite the delay. The employer in that case filed a complaint in federal court to set aside the arbitrator's award. The district court issued an order granting the employer's motion for summary judgment and the union appealed that order.

As a threshold matter, the Court of Appeals declared that a district court may set aside an arbitrator's award "only if the arbitrator's determination as to arbitrability failed to 'draw its essence from the [collective bargaining] agreement.'" *Id.* at 304. The court specifically stated that "[i]t is not our province to decide whether the arbitrator was correct in his application of waiver or estoppel principles." *Id.* at 305 (citing *United Paperworkers Int'l Union, AFL—CIO v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987)).

The Court of Appeals for the Third Circuit in *GK MGT, Inc.* held that the arbitrator's "right to invoke contract principles includes the right to invoke principles of waiver and estoppel," and that the arbitrator's invocation of those principles in that

case "drew its essence from the agreement." *GK MGT, Inc.*, 930 F.2d at 304, 305.. There is no reason to distinguish this case from *GK MGT, Inc.*

The arbitrator's conclusions regarding Rutgers' timeliness argument stem from a number of alternative grounds. Those grounds are 1) the invocation of estoppel and waiver principles, 2) the arbitrator's interpretation of the parties' collective bargaining agreement, or 3) the arbitrator's factual findings. Rutgers attempts to characterize those reasons as being completely unsupported by the facts or not drawing their essence from the collective bargaining agreement.

■ With respect to Rutgers' contentions that the arbitrator's decision does not draw its essence from the parties' agreement, or was otherwise improper as a matter of law, on substantially similar facts the Court of Appeals for the Third Circuit rejected such arguments in *GK MGT, Inc.* For the reasons stated in *GK MGT, Inc.*, the arbitrator in this case was authorized to apply the concepts of estoppel and waiver to Rutgers' timeliness argument. The arbitrator's application of those principles is not a basis to overturn her award. We also note that in this case the arbitrator expressly found that the grievance "on its face … is in compliance" with the timeliness provisions of the parties' agreement.

Some of Rutgers' other contentions may be construed as being based on the facts of this case. None of those arguments has merit because the record developed through the arbitration establishes that the arbitrator's decision as to Rutgers' timeliness argument is based on her construction and interpretation of the parties' collective bargaining agreement.

Rutgers has not presented any sufficient basis for us to overturn the arbitrator's decision. We will grant the Unions' motion for summary judgment, and deny Rutgers' motion for summary judgment.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The Unions' motion for summary judgment (Document 18) is granted.

2. Rutgers' motion for summary judgment (Document 22) is denied.

3. The Clerk of Court shall enter judgment in favor of the Unions.

4. The Clerk of Court shall close this case.