**RÜTGERS ORGANIC CORPORATION**
Appellant,

v.

**UNITED STEEL WORKERS OF AMERICA, AFL–CIO–CLC,**
Appellee.

No. 02–3172.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) April 23, 2003.

Decided May 8, 2003.

Before SCIRICA, Chief Judge, AMBRO and WEIS, Circuit Judges.

*OPINION*

WEIS, Circuit Judge.

Dennis Confer, a member of the United Steelworkers of America, became permanently disabled and thus eligible for benefits under a plan established by his employer, Rütgers Organic Corporation. On April 3, 2000, Confer received an application from the employer stating, *inter alia*, that his benefits would be reduced by any amount he received through Social Security. He disagreed at the time, but two weeks later signed the form.

On July 26, 2000, more than the five day period specified in the collective bargaining agreement, the local union filed a grievance on Confer's behalf. The dispute was ultimately submitted to an arbitrator who found in favor of Confer, holding that payments under the disability plan were not subject to reduction by the amount of Social Security benefits. The arbitrator also denied the employer's request to dismiss the grievance because it was untimely filed.

The employer filed a complaint in the District Court seeking to have the arbitrator's award set aside primarily because the grievance was beyond the time limit set in the collective bargaining agreement. The District Court rejected the employer's contention and entered judgment in favor of the union.

On appeal, the employer contends that the arbitrator, in ignoring the five day limitation, showed a "a manifest disregard"

for the mandatory language in the collective bargaining agreement and thus exceeded her authority.

Preliminarily, we note that the arbitrator did not ignore the timeliness issue in the sense that she overlooked the issue. She did, indeed, discuss the point and found against the company's position. She noted that the company had failed to raise timeliness until the hearing itself, and thereby deprived the Union an opportunity to respond. Moreover, the grievance was noted as a "second-step" and the employer presented no evidence on the untimeliness issue in that context.

We conclude, as did the District Court, that the timeliness defense belatedly asserted by the employer was a proper matter for the arbitrator's consideration. This case is governed by our holding in *GK MGT, Inc. v. Local 274*, 930 F.2d 301 (3d Cir.1991), where, in a similar factual situation, we upheld the arbitrator's decision.

The judgment of the District Court will be affirmed.