NO.   94-188

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

MARGARET A. DUCHSCHER and
WALDEN J. DUCHSCHER,

           Plaintiffs and Respondents,

     v.

JIMMY LEE VAILE,

           Defendant and Appellant.

**FILED**

DEC 15 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the Twelfth Judicial District,
               In and for the County of Hill,
               The Honorable John Warner, Judge presiding.


COUNSEL OF RECORD:

          For Appellant:

               J. Michael Young, Jardine, Stephenson,
               Blewett & Weaver, Great Falls, Montana

          For Respondents:

               Patricia O'Brien Cotter, Cotter & Cotter,
               Great Falls, Montana (for Margaret Duchscher)

               Theodore K. Thompson, Attorney at Law,
               Havre, Montana (for Walden Duchscher)


                         Submitted on Briefs:   December 1, 1994

                                    Decided:  December 15, 1994

Filed:

_____
          Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Defendant Jim Vaile appeals the order of the Twelfth Judicial District Court, Hill County, refusing to modify or partially vacate an out-of-court arbitration award in favor of plaintiff Margaret Duchscher. We affirm.

The issue on appeal is whether the District Court erred in refusing to partially vacate or modify Margaret's arbitration award.

Plaintiffs and defendant were involved in an automobile accident in Havre, on January 9, 1989. Margaret and Walden Duchscher initially filed suit in District Court, seeking both general and special damages from Jim Vaile. The parties later agreed by stipulation to submit the dispute to binding arbitration before Gordon R. Bennett, retired District Court Judge. The stipulation granted the arbitrator the power to decide all issues of liability and either grant or deny compensatory and general damages pursuant to Montana law. The stipulation further provided that costs may be awarded to the prevailing party. However, the stipulation specifically provided that "each party shall bear their own attorneys fees."

Arbitration began on August 4, 1993, in Great Falls. The arbitrator received testimony and evidence for two days. On August 5, the arbitrator indicated that he was prepared to rule without post-hearing briefs or argument. He informed counsel that he was finding for plaintiffs on all issues of liability, and

stated that he would award Margaret $60,000 in special damages and $50,000 in general damages, for a total of $110,000. Walden also received an arbitration award which is not contested and is not at issue on appeal.

The arbitrator further stated that he intended to award Margaret her attorney fees in addition to the damage award. Counsel for all parties informed the arbitrator that the arbitration stipulation specifically prohibited the award of attorney fees. The arbitrator then stated that he would amend his original decision, withdrawing the $50,000 award for general damages.

The arbitrator issued the formal written arbitration award on August 6, 1993, awarding Margaret the following damages:

Special Damages

| | |
|---|---|
| Past medical expenses | $ 15,285.75 |
| Past prescription expenses | $ 1207.44 |
| Past travel related to treatment | $ 4521.41 |
| Past wage loss | $ 13,848.00 |
| Future medical and related expenses | $ 25,000.00 |

General damages

| | |
|---|---|
| Past pain and suffering | $ 50,000.00 |
| Future pain and suffering | $ 40,000.00 |
| TOTAL | $149,862.60 |

The arbitrator stated in the final award that "I understand the parties have agreed on attorney fees and costs and will therefore make no award for them."

After the final award, Vaile paid all but $40,000 of Margaret's award. Vaile appealed Margaret's award to the District

3

Court, seeking modification or partial vacation of the general damages award in the amount of $40,000. Vaile argued that the arbitrator improperly increased the general damages award in order to cover Margaret's attorney fees. The District Court refused to modify or vacate the general damages award, stating that it lacked the power under Montana's Uniform Arbitration Act, §§ 27-5-312 and -313, MCA, to modify the arbitration award. Vaile appeals.

Did the District Court err in refusing to partially vacate or modify the arbitration award?

The National Conference of Commissioners on Uniform State Laws approved the revised Uniform Arbitration Act (UAA) on August 20, 1955. Since its approval, 35 states have adopted in substance the provisions of the UAA. Montana adopted the UAA in 1985. Section 27-5-112, MCA, provides that "[t]his chapter must be construed to effectuate its general purpose to make uniform the law of those states that enact [the UAA]." Therefore, to effect the purpose set forth by the Legislature, we look to applicable decisions of other jurisdictions which have also adopted the UAA.

The scope of judicial review of an arbitration award is strictly limited to the statutory provisions governing arbitration. Mausbach v. Lemke (Nev. 1994), 866 P.2d 1146, 1149; United Technology v. Dar Al Islam (N.M. 1993), 846 P.2d 307, 309; Canon School Dist. v. W.E.S. Const. Co. (Ariz. App. Div. 1 1993), 868 P.2d 1014, 1021; Utility Trailer Sales of Salt Lake v. Fake (Utah 1987), 740 P.2d 1327, 1329; Loomis, Inc. v. Cudahy (Idaho 1982),

4

656 P.2d 1359, **1361-62; see also** Faure, The Arbitration Alternative: Its Time Has Come, 46 Mont. L. Rev. 199, **214 (1985).** Sections 27-S-312 and -313, MCA, establish the statutory grounds to modify, correct, or vacate an arbitration award and generally limit the district court's review to allegations of fraud, partiality, misconduct, excess of power, or technical problems in the execution of the award.

Section 27-5-312(1), MCA, provides:

**Vacating an award.** (1) Upon the application of a party, the district court shall vacate an award if:
    (a) the award was procured by corruption, fraud, or other undue means;
    (b) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
    (c) the arbitrators exceeded their powers;
    (d) the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of 27-5-213, as to prejudice substantially the rights of a party; or
    (e) there was no arbitration agreement and the issue was not adversely determined in proceedings under 27-5-115 and the party did not participate in the arbitration hearing without raising the objection.

Section 27-5-313(1), MCA, provides:

**Modification or correction of award by court.** (1) Upon application made within 90 days after delivery of a copy of the award to the applicant, the district court shall modify or correct the award if:
    (a) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award;
    (b) the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(c) the award is imperfect in a matter of form not affecting the merits of the controversy.

The Montana Uniform Arbitration Act clearly does not authorize judicial review of arbitration awards on the merits of the controversy, particularly in light of § 27-5-312(2), MCA, which provides that "[t]he fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the award." Accord *Fernandez v. Farmers Insurance Co. of Arizona* (N.M. 1993), 857 P.2d 22, 25 (construing statutory provisions identical to §§ 27-5-312 and -313, MCA).

We review the refusal of a trial court to vacate, modify, or correct an arbitration award under an abuse of discretion standard. See <u>Canon School Dist.</u>, 868 P.2d at 1021, 1024. *Vaile* argues that the arbitrator exceeded his authority by "juggling general damage calculations in order to award attorneys fees" to Margaret after learning that the parties contracted to pay their own attorney fees. Margaret argues that the verbal statements of the arbitrator at the conclusion of the arbitration proceedings cannot be afforded the status of a final and binding arbitration award.

Section 27-5-216(1), MCA, provides that

> [t]he award must be in writing and signed by the arbitrators joining the award. The arbitrators shall deliver a copy to each party personally by certified mail or as provided in the agreement.

We hold that the requirements set forth in § 27-5-216(1), MCA, must be met before a final arbitration award can be said to exist. In

6

this case, a final and binding arbitration award did not exist until the arbitrator reduced his award to writing, signed it, and delivered it to the parties.

Vaile urged the District Court, and urges this Court on appeal, to disregard the express language of the written arbitration award and to find that the arbitrator impermissibly awarded attorney fees to Margaret. Like the District Court, we decline to do so. The arbitrator expressly stated in the award: "I understand the parties have agreed on attorney fees and costs <u>and will therefore make no award for them</u>." (Emphasis added.) The party seeking to vacate, modify, or correct an arbitration award bears the burden of proving that one of the statutorily enumerated grounds exists. See Matter of Town of Silver City (N.M. 1993), 857 P.2d 28, 34.

While the District Court acknowledged that the arbitrator may have briefly considered the issue of attorney fees at the conclusion of the arbitration proceedings, the District Court concluded that the final written award did not provide for attorney fees. The District Court concluded that the $40,000 in general damages which Vaile contests was not awarded as attorney fees, but instead, was awarded to Margaret for future treatment of her medical conditions. The arbitrator clearly stated in the final award:

> I would evaluate past pain and suffering, loss of established course of life and plain inconvenience at $50,000 and, assuming, perhaps optimistically, that

**treatment will** alleviate some of this detriment I would evaluate future general damages at $40,000.

We hold that the District Court correctly denied Vaile's motion to partially vacate or modify Margaret's final award.

Affirmed.

_____
                    **Justice**

We concur:

_____
            Chief Justice

_____

_____

_____
            Justices

8

Justice Terry N. Trieweiler specially concurring.

I concur with the majority's conclusion that the District Court did not abuse its discretion when it refused to vacate or modify the plaintiffs' arbitration award.

I disagree with what is left out of the majority opinion.

Section 27-5-112, MCA, provides that the purpose of Montana's Uniform Arbitration Act is to make uniform the law of those states which have enacted it. One of those states that has enacted the Uniform Arbitration Act is New Mexico.

The New Mexico court, in *Fernandez v. Farmers Insurance Co. of Arizona* (N.M. 1993), 857 P.2d 22, 26 (cited in the majority opinion), provided that while judicial review is limited by statute, the district court may find an arbitrator's mistake of fact or law <u>so cross</u> as to imply misconduct, fraud, or lack of fair and impartial judgment, each of which is a valid ground for vacating an award. I conclude that such a consideration must, at a minimum, be included in our standard of review. Otherwise, agreements to arbitrate would be agreements to avoid the obligations imposed under Montana law, and therefore, void as contrary to public policy.

Finally, the parties in this case stipulated that the arbitration award would be made pursuant to Montana law. If the arbitrator's decision was based on a gross disregard for Montana law, it exceeded his authority pursuant to the arbitration agreement. I conclude that the district court's scope of review should include review for gross mistakes of law or fact.

9

However, applying that standard of review in this case, I conclude that there were no mistakes of law or fact so gross that they justify setting aside the arbitrator's award. For these reasons, I specially concur in the majority opinion.

_____
Justice

December 15, 1994

CERTIFICATE OF SERVICE.

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

J. Michael Young
Jardine, Stephenson, Blewett & Weaver, P.C.
P.O. Box 2269
Great Falls MT 59403-2269

Patricia O'Brien Cotter
Cotter & Cotter
Box 3425
Great Falls MT 59403-3425

Theodore K. Thompson
Thompson and Swenson
419 Fourth Avenue
Havre MT 59501

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *N. Gallagher*
Deputy