No.   95-246

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STOCKADE ENTERPRISES,

Plaintiff and Appellant,

v.

KEVIN AHL,

Defendant and Respondent.

FILED

OCT 3 1 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Randall A. Snyder; Snyder & Noble, Bigfork,
Montana

For Respondent:

James C. Bartlett; Hash, O'Brien & Bartlett,
Kalispell, Montana

Submitted on Briefs:   October 12, 1995

Decided:   October 31, 1995

Filed:

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Stockade Enterprises, Inc. (Stockade) appeals the Eleventh Judicial District Court's denial of its motions to modify or to vacate an arbitration award. We affirm.

The dispositive issue on appeal is whether the District Court erred in refusing to partially vacate or to modify the arbitration award.

Stockade commenced this action against Kevin Ahl (Ahl) in an attempt to collect on a construction lien. Pursuant to a written agreement between Stockade and Ahl, the District Court ordered the parties to arbitrate the dispute. The parties signed a Stipulation to appoint an arbitrator. The Stipulation provided in part:

> Wilmer E. Windham shall serve as the arbitrator in this litigation, with his decision to be binding on the parties and the Court. . . .[I]n this case his decision is final and binding and the District Court must adopt his decision as a final judgment.

The court signed the Order appointing Mr. Windham as the arbitrator. The Order reads in part:

> [The arbitrator's] decision shall be final and binding and the District Court shall adopt his decision as a final judgment.

After the arbitrator issued the award, Stockade moved the District Court to vacate or to modify the award on the grounds that the award was beyond the scope of inquiry, in error, and contrary to law. The District Court denied Stockade's motion to modify the award. In its Order and Rationale, the court declined to perform "an extensive review of the file and the transcript of the

2

arbitration hearing." Instead, the court determined that judicial review of the arbitrator's decision was precluded by the parties' Stipulation and the court's Order. The court quoted the provision of the Order stating the arbitrator's decision was final and binding on the parties and the court. Based on the provisions of the Stipulation and Order, the District Court concluded that "there simply is no authority on which this Court can set aside the award." Accordingly, the court did not review the arbitrator's decision and made no findings regarding the award.

**Did the District Court abuse its discretion in refusing to vacate or modify the arbitration award?**

Our standard in reviewing a court's refusal to modify or vacate an arbitration award is whether the court abused its discretion. May v. First National Pawn Brokers (1994), 269 Mont. 19, 21-22, 887 P.2d 185, 187; Duchscher v. Vaile (1994), 269 Mont. 1, 5, 887 P.2d 181, 184. We note that the parties and the District Court improperly focused their attention on the provisions of the Stipulation and Order to the effect that the arbitrator's decision is binding and final. The District Court was incorrect in concluding that there is "no authority" authorizing the court to set aside the award. Regardless of the "binding" nature of the arbitration procedure, the Montana Uniform Arbitration Act (MUAA) does provide the court with authority to set aside an award. However, judicial review of an arbitration award is strictly limited by the statutory provisions governing arbitration found in

3

the MUAA. Sections 27-5-312 and -313, MCA; May, 887 P.2d at 187; Duchscher, 887 P.2d at 183.

Montana adopted the Montana Uniform Arbitration Act in 1985. Sections 27-5-312 and -313, MCA, establish the grounds to modify, to correct, or to vacate an arbitration award. These sections generally limit the district court's review to allegations of fraud, partiality, misconduct, excess of power, or technical problems in the execution of the award. Duchscher, 887 P.2d at 183. Section 27-5-312, MCA, provides:

**Vacating an award.** (1) Upon the application of a party, the district court shall vacate an award if:
    (a) the award was procured by corruption, fraud, or other undue means;
    (b) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
    (c) the arbitrators exceeded their powers;
    (d) the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of 27-5-213, as to prejudice substantially the rights of a party; or
    (e) there was no arbitration agreement and the issue was not adversely determined in proceedings under 27-5-115 and the party did not participate in the arbitration hearing without raising the objection.

Section 27-5-313(1), MCA, provides:

**Modification or correction of award by court.** (1) Upon application made within 90 days after delivery of a copy of the award to the applicant, the district court shall modify or correct the award if:
    (a) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award;
    (b) the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

4

(c) the award is imperfect in a matter of form not affecting the merits of the controversy.

Thus, the MUAA's authorization of judicial review of arbitration awards is very limited in scope. We have held that these provisions do not permit a court to review the merits of the controversy. May, 887 P.2d at 190; Duchscher, 887 P.2d at 184. The party seeking to vacate, to modify, or to correct an arbitration award bears the burden of alleging and proving that one of the statutorily enumerated grounds exists. May, 887 P.2d at 189; Duchscher, 887 P.2d at 184. Therefore, in order to trigger the District Court's authority to review the arbitration award, Stockade had to properly raise one of the grounds in §§ 27-5-312 or -313, MCA. Stockade failed to do so.

Stockade presented the District Court with four issues in support of its motion to modify/vacate the arbitration award:

1. Is there *substantial evidence* to support the findings of fact and conclusions of law?

2. *Does the evidence support* a finding that Plaintiff assaulted Defendant and is there a proper award of damages?

3. Can the District Court modify or correct the award in a fashion *consistent with the evidence*?

4. Was the award of attorneys fees *arbitrary and capricious*? [Emphasis added.]

None of the above issues raised by Stockade address the limited bases of judicial review set forth in §§ 27-5-312 and -313, MCA. On the contrary, Stockade's issues all raise questions regarding the sufficiency of the evidence to support the award. Although Stockade's brief referenced § 27-5-313, MCA, Stockade failed to

5

address the statutory criteria that would trigger judicial review. Instead, Stockade propounded an extremely broad scope of judicial review, as follows: "Here, the Arbitrator abused his discretion, transcended or ignored evidence and did substantial injustice to Plaintiff. In nearly every respect, this Court can modify and correct the award, based solely on the evidence." Clearly, there is no basis for such a broad standard of judicial review. Neither the District Court nor this Court has any authority to engage in a "sufficiency of the evidence" review of an arbitration award. The District Court understated its statutory authority to vacate or to modify an arbitration award. Nonetheless, under the pleadings in this case, the court correctly concluded that it had no obligation to engage in an extensive review of the transcript to weigh the sufficiency of the evidence. We hold that the District Court did not abuse its discretion in refusing to vacate the award.

To invoke the courts' power of review, the grounds set forth in §§ 27-5-312 and -313, MCA, must be raised by the party challenging the arbitration award. Stockade advances no grounds that satisfy these criteria. Had either of the parties read our two recent decisions in this area, namely May and Duchscher, they would have known that petitioning the courts to review an arbitration award based on the sufficiency of the evidence is beyond our scope of judicial review.

Affirmed.

_W. William Purslent_
Justice

6

We concur:

_____
Chief Justice

_____

_____

_____
Justices