No. 97-098

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


ALLEN GEISSLER and KENNETH "VAL" GEISSLER,

Plaintiffs and Appellants,

v.

FRANCIS "LYNN" SANEM and LINSCO/PRIVATE
LEDGER CORPORATION,

Defendants and Respondents.



APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.


COUNSEL OF RECORD:

For Appellants:

J. David Penwell, Attorney at Law, Bozeman, Montana

For Respondents:

John Alke and Stephen M. Frankino; Hughes, Kellner, Sullivan
& Alke; Helena, Montana (for Respondent Sanem)

Robert M. Carlson; Corette Pohlman & Kebe; Butte, Montana
(for Respondent Linsco/Private Ledger Corporation)



Submitted on Briefs: October 2, 1997

Decided:    November 18, 1997
Filed:


_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The plaintiffs, Allen and Kenneth "Val" Geissler, filed an appeal from arbitration
in the District Court for the Eighteenth Judicial District in Gallatin County.  The
defendants, Francis "Lynn" Sanem and Linsco/Private Ledger Corp., both filed a motion
to dismiss the appeal on the basis that it failed to state a claim for which relief could be
granted.  After the parties briefed the issue, the District Court granted the motions to
dismiss.  Geisslers appeal.  We affirm the judgment of the District Court.

The sole issue on appeal is whether the District Court erred when it concluded that
Geisslers had failed to state a claim for which relief could be granted.

FACTUAL BACKGROUND

In April and May 1990, Allen and Kenneth "Val" Geissler each invested $50,000
in a vermiculite mining operation in southwestern Montana.  They did so based on the
advice of Francis "Lynn" Sanem, who, prior to 1989, had served as Allen's investment
broker and counselor.  Sanem was a licensed broker for Linsco/Private Ledger Corp.
("LPL") and managed an LPL office in Bozeman.  Sanem was also a board member of
Mineral Products, Inc. ("MPI"), the company in which Geisslers invested.  The parties
dispute whether Sanem was acting as an agent of LPL when he recommended the
investment.

The May 1990 royalty agreement among MPI and Geisslers gave Geisslers a
royalty interest of $1.00 per ton of ore mined from the operation.  It stated that if
Geisslers needed to bring suit to enforce the agreement, "the venue for such suit shall be
in Gallatin County, Montana."  Geisslers also signed an investment agreement with LPL
in March 1992 which required the parties to submit any claims to arbitration before the
National Association of Securities Dealers, Inc. ("NASD"), where "laws of the State of
New York govern."

The mining operation never developed, and Geisslers' only return from their
investment was $162 which they received in December 1990.  In June 1994, Geisslers
filed a claim with the NASD against Sanem and LPL.  The claim alleged that Sanem,
while authorized by LPL, had made multiple false representations to Geisslers regarding
MPI's rights to the mining claims and the risk involved in the investment, and that Sanem
failed to disclose any information to Kenneth Geissler, an inexperienced investor, prior
to his investment.

Sanem and LPL filed motions to dismiss with the NASD arbitration panel in
October 1994 and April 1995.  Sanem asserted, among other things, that Geisslers had
full knowledge of the investment risk, and that the claim was barred by the statute of
limitations; LPL denied liability based upon its allegation that Sanem acted beyond his
authority in the transaction and that Geisslers knew the investment was not an LPL-
approved transaction.  The panel delayed ruling on the motions until Geisslers

presented
their case at hearings conducted in September 1995 and January 1996.  After the
hearings, Sanem and LPL reasserted their motions to dismiss, and in February 1996 the
panel dismissed the claim.

On May 10, 1996, Geisslers filed an appeal from arbitration in District Court
for
the Eighteenth Judicial District in Gallatin County. They alleged, pursuant to
õ 27-5-312(1)(b) and (c), MCA, evident partiality and misconduct by the NASD panel,
and that the panel had exceeded its powers.  Sanem and LPL filed motions to dismiss
the
appeal on the basis that it failed to state a claim for which relief could be
granted.  The
District Court cited its limited scope of review of arbitration awards, and held that
Geisslers had failed to state a claim pursuant to either õ 27-5-312(1)(b) or (c),
MCA.
Therefore, the District Court granted the motions to dismiss.

DISCUSSION

Did the District Court err when it concluded that Geisslers had failed to state
a
claim for which relief could be granted?

When a district court considers a motion to dismiss, it must view the
allegations
in the light most favorable to the plaintiff, accepting as true all well-pleaded
facts.  Rule
12(b)(6), M.R.Civ.P.  See also Farris v. Hutchinson (1992), 254 Mont. 334, 336, 838
P.2d 374, 375.  The standard of review of a district courtþs conclusions of law is
whether
the courtþs interpretation of the law is correct.  Carbon County v. Union Reserve
Coal
Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686. See also Kreger v. Francis (1995),
271 Mont. 444, 447, 898 P.2d 672, 674; Steer, Inc. v. Department of Revenue (1990),
245 Mont. 470, 474-75, 803 P.2d 601, 603-04.  We will affirm a dismissal entered
pursuant to Rule 12(b)(6), M.R.Civ.P., only if we conclude that the plaintiff is not
entitled to relief based on any set of facts which could be proven in support of the
claim.
Kelman v. Losleben (1995), 271 Mont. 156, 158, 894 P.2d 955, 957.

Two of our recent cases discussed a district court's scope of review of an
arbitration award pursuant to õ 27-5-312, MCA.  We stated in both Duchscher v. Vaile
(1994), 269 Mont. 1, 4, 887 P.2d 181, 183, and May v. First Nat'l Pawn Brokers, Ltd.
(1994), 269 Mont. 19, 22, 887 P.2d 185, 187, that judicial review of an arbitration
award is strictly limited by statute.  See also Stockade Enters. v. Ahl (1995), 273
Mont.
520, 522-23, 905 P.2d 156, 157.

Section 27-5-312(1), MCA, states in relevant part that "the district court shall
vacate an award if . . . there was evident partiality by an arbitrator appointed as
a neutral
or corruption in any of the arbitrators or misconduct prejudicing the rights of any
party;
[or] . . . the arbitrators exceeded their powers."  We further limited review based
on
partiality as follows in May: "The partiality which will suffice to vacate an
arbitration

award must be certain, definite, and capable of demonstration; alleged partiality which is remote, uncertain or speculative is insufficient." May, 269 Mont. at 25, 887 P.2d at 189. We have yet to address in Montana the nature of misconduct that would justify setting aside an award or what conduct by an arbitrator would permit a reviewing court to find that the arbitrator had exceeded its powers. Nonetheless, the role of a reviewing court when asked to vacate an arbitration award is clearly limited. As we stated in Duchscher, 269 Mont. at 5, 887 P.2d at 184, "[t]he Montana Uniform Arbitration Act clearly does not authorize judicial review of arbitration awards on the merits of the controversy."

The majority in May considered but declined to allow review of arbitration awards for a manifest disregard of the law standard. Justice Trieweiler, however, in special concurrences to both Duchscher and May, asserted that review of arbitration awards for manifest disregard of the law is consistent with both the statutory bases for reviewing arbitration awards (i.e., that it would demonstrate both partiality and misconduct), and the case law from other jurisdictions and, therefore, that it should be a part of the arbitration award review. He asserted that, as a matter of public policy and based upon a court's independent responsibility, a court cannot have such limited authority in its review that it is forced to ignore an arbitrator's manifest disregard of Montana law.

Geisslers have asked this Court to apply a manifest disregard of the law standard consistent with the majority of other jurisdictions. See, e.g., Wilko v. Swan (1953), 346 U.S. 427, 436-37, 74 S. Ct. 182, 187-88, 98 L. Ed. 168, 176; Lee v. Chica (8th Cir. 1993), 983 F.2d 883, 885, cert. denied (1993), 510 U.S. 906-07, 114 S. Ct. 287, 126 L. Ed. 2d 237; Merrill Lynch, Pierce, Fencer & Smith, Inc. v. Bobker (2d Cir. 1986), 808 F.2d 930, 933-34; San Martine Compania de Navegacion, S.A. v. Saguenay Terminals, Ltd. (9th Cir. 1961), 293 F.2d 796, 801; Connecticut Ins. Guar. Assoc. v. Onolfo (Conn. Super. Ct. 1997), 1997 WL 325380 at 2; Wier v. Manerchia (Del. 1997), 700 A.2d 736; Amerispec Franchise v. Cross (Ga. Ct. App. 1994), 452 S.E.2d 188, 189; Hecla Mining Co. v. Bunker Hill Co. (Idaho 1980), 617 P.2d 861, 869-70; Welch v. A.G. Edwards & Sons, Inc. (La. Ct. App. 1996), 677 So. 2d 520, 524; Graber v. Comstock Bank (Nev. 1995), 905 P.2d 1112, 1115-16; Perini Corp. v. Greate Bay Hotel & Casino, Inc. (N.J. 1992), 610 A.2d 364, 372-73; Altieri v. Liberty Mut. Ins. Co. (R.I. 1997), 697 A.2d 1104, 1105; Buzas Baseball, Inc. v. Salt Lake Trappers, Inc. (Utah 1996), 925 P.2d 941, 951. But see Arnold v. Morgan Keenan & Co., Inc. (Tenn. 1996), 914 S.W.2d 445, 450-51.

We conclude that to do so is the better reasoned approach and more consistent with

our responsibility to uphold the laws of this State. We also conclude that when an arbitrator is aware of a clearly governing principle of Montana law, and blatantly refuses to follow it, the statutory conditions of õ 27-5-312(1)(b), MCA, have in fact been met.

To the extent that our conclusion here conflicts with our prior decisions, we modify the holding in those cases and hold that this and future arbitration awards may be reviewed for a manifest disregard of the law pursuant to õ 27-5-312(1)(b), MCA.

Geisslers first allege in their appeal from arbitration that the NASD arbitration panel was subject to evident partiality and misconduct because of the presence of an NASD representative at the final hearing in January 1996. In support of that claim, they allege only that before the hearing they wrote a letter of complaint to the SEC regarding the delay in their proceedings. Even if, for purposes of considering the motions to dismiss, the District Court accepted the very speculative nexus between Geisslers' letter to the SEC and the presence of the NASD representative at the hearing, Geisslers still failed to demonstrate any facts that make certain or definite their allegations of partiality by the panel based simply on the representative's presence. Likewise, their claim is insufficient to constitute actual overt misconduct. Accordingly, we conclude that the District Court did not err when it held that Geisslers' allegations regarding the presence of the NASD representative did not state a claim for which relief could be granted pursuant to õ 27-5-312(1)(b), MCA.

Geisslers' allegations that the panel exceeded its powers are much broader and are based on the panel's failure to provide findings or grounds for its decision, and on the assertion that all of Sanem's and LPL's defenses were either moot or unproven.

We note that none of the parties have asserted that any claim was improperly limited to arbitration and, therefore, they are bound by the rules pertaining to arbitration. The parties are generally free to contract regarding the procedural rules for arbitration. See Volt Info. Sciences, Inc. v. Board of Trustees of the Leland Stanford Jr. Univ. (1989), 489 U.S. 468, 476, 109 S. Ct. 1248, 1254, 103 L. Ed. 2d 488, 498 ("[t]he federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate") (applying the Federal Arbitration Act). Here, the agreement which the parties apparently rely upon to submit their claim to arbitration states that "[t]he arbitrators' award is not required to include factual findings or legal reasoning and any party's

right
to appeal or to seek modification of rulings is strictly limited."  Accordingly, we conclude
that contrary to Geisslers' assertion the panel acted entirely within its power when it made
an award without including specific findings of fact or conclusions of law.

Next, Geisslers contend that the panel exceeded its power when it dismissed their
claim in response to Sanem's and LPL's allegedly unproven and moot defenses.  Despite
their allegations, however, they failed to set forth facts in their complaint which would
authorize the District Court to vacate the arbitration panel's decision.  Rather, they
merely reassert to the District Court the original arguments that they made to the panel;
they essentially asked the District Court, and now this Court, to "review the merits of the
controversy and the extent to which the evidence supports the [panel's] decision," a task
which is clearly not authorized pursuant to the limited procedural grounds for vacating
an award in õ 27-5-312, MCA.  May, 269 Mont. at 26-27, 887 P.2d at 190.  Instead of
presenting evidence to the District Court that the panel exceeded its power, Geisslers'
appeal alleged only that the panel had arrived at the wrong result.  Accordingly, we
conclude that the District Court did not err when it dismissed Geisslers' claims that the
arbitration panel exceeded its powers.

Even when we consider whether the panel acted in manifest disregard of the law,
Geisslers' appeal from arbitration fails to state a claim upon which relief can be granted.
To conclude that an arbitrator ruled in manifest disregard of the law requires more than
simply a misapplication of the law by the arbitrator.  May, 269 Mont. at 30, 887 P.2d
at 192 (Trieweiler, J., concurring).  The Second Circuit held in Merrill Lynch, Pierce,
Fencer & Smith v. Bobker (2d. Cir. 1986), 808 F.2d 930, 933-34, that the test for
manifest disregard of the law required that the "arbitrator appreciates the existence of a
clearly governing legal principle but decides to ignore or pay no attention to it."

Among Geisslers' allegations, only their assertion that the panel might have
dismissed the claim based on Sanem's statute of limitations defense arguably relates to
manifest disregard of the law.  However, Geisslers do not state that the panel, in fact,
dismissed their claim based upon the statute of limitations defense, or whether instead it
dismissed the claim on one of several other bases for the defendants' motions.
Furthermore, it is not clear that the panel concluded that the New York statute of
limitations relied on by the plaintiffs was actually applicable to this Montana transaction.
Therefore, the District Court could not conclude, based on the allegations in

Geisslers'
appeal, that the panel ignored clearly applicable law.

We conclude that the District Court correctly granted the defendants' motions to dismiss, and we affirm the judgment of the District Court.

/S/   TERRY N. TRIEWEILER

We Concur:

/S/   W. WILLIAM LEAPHART
/S/   JIM REGNIER
/S/   WILLIAM E. HUNT, SR.

Justice Karla M. Gray, specially concurring.

I concur in the Court's opinion and write separately to clarify why it is appropriate
to adopt the "manifest disregard" approach here, having declined to do so in May.

In May, which I authored, the appellant requested that we adopt the "manifest disregard of the law" approach to judicial review of arbitration awards.  The bases asserted for adopting that approach were that we had already endorsed it in McIntosh v.
Hartford Fire Ins. Co. (1938), 106 Mont. 434, 78 P.2d 82, and that certain federal court
cases addressed the approach.  Noting that McIntosh predated the legislature's enactment
of the Montana Uniform Arbitration Act (MUAA) by nearly fifty years, we concluded that that case could "hardly be said to have interpreted the statutes which now govern
judicial review of arbitrations."  With regard to the cited federal cases, we observed that
the appellant merely extracted and reiterated general statements from those cases and made "no effort to establish how or why the case before us fits within the factual context
of the cases containing the [general] statements" relied on by the appellant.  May, 887
P.2d at 190.  Most importantly, we noted in May that the MUAA was a uniform act and that the appellant presented

no authority from sister states applying the manifest disregard standard under their respective Uniform Arbitration Acts.  It is clear that the legislature intended us to be guided by such sister state decisions in interpreting the MUAA, rather than simply following blindly every federal approach to arbitration.

May, 887 P.2d at 191.  Indeed, the very purpose of uniform acts is to produce uniformity
in the law in those states adopting them.

In the present case, the Geisslers corrected the omission made by the appellant in

May. They presented persuasive sister state authority applying the manifest disregard standard during judicial review of arbitration awards under the same statutes--that is, the Uniform Act statutes--that govern such judicial review in Montana.  As a result, we properly adopt that interpretation here and, in that regard, conclude that the Geisslers failed to state a claim under the manifest disregard of the law standard on which relief could be granted.

/S/  KARLA M. GRAY