*413 JUSTICE TRIEWEILER
delivered the Opinion of the Court.
The plaintiffs, Allen and Kenneth “Val” Geissler, filed an appeal from arbitration in the District Court for the Eighteenth Judicial District in Gallatin County. The defendants, Francis “Lynn” Sanem and Linsco/Private Ledger Corp., both filed a motion to dismiss the appeal on the basis that it failed to state a claim for which relief could be granted. After the parties briefed the issue, the District Court granted the motions to dismiss. Geisslers appeal. We affirm the judgment of the District Court.
The sole issue on appeal is whether the District Court erred when it concluded that Geisslers had failed to state a claim for which relief could be granted.
FACTUAL BACKGROUND
In April and May 1990, Allen and Kenneth “Val” Geissler each invested $50,000 in a vermiculite mining operation in southwestern Montana. They did so based on the advice of Francis “Lynn” Sanem, who, prior to 1989, had served as Allen’s investment broker and counselor. Sanem was a licensed broker for Linsco/Private Ledger Corp. (“LPL”) and managed an LPL office in Bozeman. Sanem was also a board member of Mineral Products, Inc. (“MPI”), the company in which Geisslers invested. The parties dispute whether Sanem was acting as an agent of LPL when he recommended the investment.
The May 1990 royalty agreement among MPI and Geisslers gave Geisslers a royalty interest of $1.00 per ton of ore mined from the operation. It stated that if Geisslers needed to bring suit to enforce the agreement, “the venue for such suit shall be in Gallatin County, Montana.” Geisslers also signed an investment agreement with LPL in March 1992 which required the parties to submit any claims to arbitration before the National Association of Securities Dealers, Inc. (“NASD”), where ‘laws of the State of New York govern.”
The mining operation never developed, and Geisslers’ only return from their investment was $162 which they received in December 1990. In June 1994, Geisslers filed a claim with the NASD against Sanem and LPL. The claim alleged that Sanem, while authorized by LPL, had made multiple false representations to Geisslers regarding MPI’s rights to the mining claims and the risk involved in the investment, and that Sanem failed to disclose any information to Kenneth Geissler, an inexperienced investor, prior to his investment.
*414 Sanem and LPL filed motions to dismiss with the NASD arbitration panel in October 1994 and April 1995. Sanem asserted, among other things, that Geisslers had full knowledge of the investment risk, and that the claim was barred by the statute of limitations; LPL denied liability based upon its allegation that Sanem acted beyond his authority in the transaction and that Geisslers knew the investment was not an LPL-approved transaction. The panel delayed ruling on the motions until Geisslers presented their case at hearings conducted in September 1995 and January 1996. After the hearings, Sanem and LPL reasserted their motions to dismiss, and in February 1996 the panel dismissed the claim.
On May 10, 1996, Geisslers filed an appeal from arbitration in District Court for the Eighteenth Judicial District in Gallatin County. They alleged, pursuant to § 27-5-312(1)(b) and (c), MCA, evident partiality and misconduct by the NASD panel, and that the panel had exceeded its powers. Sanem and LPL filed motions to dismiss the appeal on the basis that it failed to state a claim for which relief could be granted. The District Court cited its limited scope of review of arbitration awards, and held that Geisslers had failed to state a claim pursuant to either § 27-5-312(1)(b) or (c), MCA. Therefore, the District Court granted the motions to dismiss.
DISCUSSION
Did the District Court err when it concluded that Geisslers had failed to state a claim for which relief could be granted?
When a district court considers a motion to dismiss, it must view the allegations in the light most favorable to the plaintiff, accepting as true all well-pleaded facts. Rule 12(b)(6), M.R.Civ.P. See also Farris v. Hutchinson (1992), 254 Mont. 334, 336, 838 P.2d 374, 375. The standard of review of a district court’s conclusions of law is whether the court’s interpretation of the law is correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686. See also Kreger v. Francis (1995), 271 Mont. 444, 447, 898 P.2d 672, 674; Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603-04. We will affirm a dismissal entered pursuant to Rule 12(b)(6), M.R.Civ.P., only if we conclude that the plaintiff is not entitled to relief based on any set of facts which could be proven in support of the claim. Kelman v. Losleben (1995), 271 Mont. 156, 158, 894 P.2d 955, 957.
Two of our recent cases discussed a district court’s scope of review of an arbitration award pursuant to § 27-5-312, MCA. We *415 stated in both Duchscher v. Vaile (1994), 269 Mont. 1, 4, 887 P.2d 181, 183, and May v. First Nat’l Pawn Brokers, Ltd. (1994), 269 Mont. 19, 22, 887 P.2d 185, 187, that judicial review of an arbitration award is strictly limited by statute. See also Stockade Enters. v. Ahl (1995), 273 Mont. 520, 522-23, 905 P.2d 156, 157.
Section 27-5-312(1), MCA, states in relevant part that “the district court shall vacate an award if... there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party; [or] ... the arbitrators exceeded their powers.” We further limited review based on partiality as follows in May. “The partiality which will suffice to vacate an arbitration award must be certain, definite, and capable of demonstration; alleged partiality which is remote, uncertain or speculative is insufficient.” May, 269 Mont. at 25, 887 P.2d at 189. We have yet to address in Montana the nature of misconduct that would justify setting aside an award or what conduct by an arbitrator would permit a reviewing court to find that the arbitrator had exceeded its powers. Nonetheless, the role of a reviewing court when asked to vacate an arbitration award is clearly limited. As we stated in Duchscher, 269 Mont. at 5, 887 P.2d at 184, “[t]he Montana Uniform Arbitration Act clearly does not authorize judicial review of arbitration awards on the merits of the controversy.”
The majority in May considered but declined to allow review of arbitration awards for a manifest disregard of the law standard. Justice Trieweiler, however, in special concurrences to both Duchscher and May, asserted that review of arbitration awards for manifest disregard of the law is consistent with both the statutory bases for reviewing arbitration awards (i.e., that it would demonstrate both partiality and misconduct), and the case law from other jurisdictions and, therefore, that it should be a part of the arbitration award review. He asserted that, as a matter of public policy and based upon a court’s independent responsibility, a court cannot have such limited authority in its review that it is forced to ignore an arbitrator’s manifest disregard of Montana law.
Geisslers have asked this Court to apply a manifest disregard of the law standard consistent with the majority of other jurisdictions. See, e.g., Wilko v. Swan (1953), 346 U.S. 427, 436-37, 74 S. Ct. 182, 187-88, 98 L. Ed. 168, 176; Lee v. Chica (8th Cir. 1993), 983 F.2d 883, 885, cert. denied (1993), 510 U.S. 906-07, 114 S. Ct. 287, 126 L. Ed. 2d 237; Merrill Lynch, Pierce, Fencer & Smith, Inc. v. Bobker (2d Cir. 1986), 808 F.2d 930, 933-34; San Martine Compania de Navegacion, *416 S.A. v. Saguenay Terminals, Ltd. (9th Cir. 1961), 293 F.2d 796, 801; Connecticut Ins. Guar. Assoc. v. Onolfo (Conn. Super. Ct. 1997), 1997 WL 325380 at 2; Wier v. Manerchia (Del. 1997), 700 A.2d 736; Amerispec Franchise v. Cross (Ga. Ct. App. 1994), 452 S.E.2d 188, 189; Hecla Mining Co. v. Bunker Hill Co. (Idaho 1980), 617 P.2d 861, 869-70; Welch v. A.G. Edwards & Sons, Inc. (La. Ct. App. 1996), 677 So. 2d 520, 524; Graber v. Comstock Bank (Nev. 1995), 905 P.2d 1112, 1115-16; Perini Corp. v. Greate Bay Hotel & Casino, Inc. (N. J. 1992), 610 A.2d 364, 372-73; Altieri v. Liberty Mut. Ins. Co. (R.I. 1997), 697 A.2d 1104, 1105; Buzas Baseball, Inc. v. Salt Lake Trappers, Inc. (Utah 1996), 925 P.2d 941, 951. But see Arnold v. Morgan Keenan & Co., Inc. (Tenn. 1996), 914 S.W.2d 445, 450-51.
We conclude that to do so is the better reasoned approach and more consistent with our responsibility to uphold the laws of this State. We also conclude that when an arbitrator is aware of a clearly governing principle of Montana law, and blatantly refuses to follow it, the statutory conditions of § 27-5-312(1)(b), MCA, have in fact been met. To the extent that our conclusion here conflicts with our prior decisions, we modify the holding in those cases and hold that this and future arbitration awards may be reviewed for a manifest disregard of the law pursuant to § 27-5-312(1)(b), MCA.
Geisslers first allege in their appeal from arbitration that the NASD arbitration panel was subject to evident partiality and misconduct because of the presence of an NASD representative at the final hearing in January 1996. In support of that claim, they allege only that before the hearing they wrote a letter of complaint to the SEC regarding the delay in their proceedings. Even if, for purposes of considering the motions to dismiss, the District Court accepted the very speculative nexus between Geisslers’ letter to the SEC and the presence of the NASD representative at the hearing, Geisslers still failed to demonstrate any facts that make certain or definite their allegations of partiality by the panel based simply on the representative’s presence. Likewise, their claim is insufficient to constitute actual overt misconduct. Accordingly, we conclude that the District Court did not err when it held that Geisslers’ allegations regarding the presence of the NASD representative did not state a claim for which relief could be granted pursuant to § 27-5-312(1)(b), MCA.
Geisslers’ allegations that the panel exceeded its powers are much broader and are based on the panel’s failure to provide findings or grounds for its decision, and on the assertion that all of Sanem’s and LPL’s defenses were either moot or unproven.
*417 We note that none of the parties have asserted that any claim was improperly limited to arbitration and, therefore, they are bound by the rules pertaining to arbitration. The parties are generally free to contract regarding the procedural rules for arbitration. See Volt Info. Sciences, Inc. v. Board of Trustees of the Leland Stanford Jr. Univ. (1989), 489 U.S. 468, 476, 109 S. Ct. 1248, 1254, 103 L. Ed. 2d 488, 498 (“[t]he federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate”) (applying the Federal Arbitration Act). Here, the agreement which the parties apparently rely upon to submit their claim to arbitration states that “[t]he arbitrators’ award is not required to include factual findings or legal reasoning and any party’s right to appeal or to seek modification of rulings is strictly limited.” Accordingly, we conclude that contrary to Geisslers’ assertion the panel acted entirely within its power when it made an award without including specific findings of fact or conclusions of law.
Next, Geisslers contend that the panel exceeded its power when it dismissed their claim in response to Sanem’s and LPL’s allegedly unproven and moot defenses. Despite their allegations, however, they failed to set forth facts in their complaint which would authorize the District Court to vacate the arbitration panel’s decision. Rather, they merely reassert to the District Court the original arguments that they made to the panel; they essentially asked the District Court, and now this Court, to “review the merits of the controversy and the extent to which the evidence supports the [panel’s] decision,” a task which is clearly not authorized pursuant to the limited procedural grounds for vacating an award in § 27-5-312, MCA. May, 269 Mont. at 26-27, 887 P.2d at 190. Instead of presenting evidence to the District Court that the panel exceeded its power, Geisslers’ appeal alleged only that the panel had arrived at the wrong result. Accordingly, we conclude that the District Court did not err when it dismissed Geisslers’ claims that the arbitration panel exceeded its powers.
Even when we consider whether the panel acted in manifest disregard of the law, Geisslers’ appeal from arbitration fails to state a claim upon which relief can be granted. To conclude that an arbitrator ruled in manifest disregard of the law requires more than simply a misapplication of the law by the arbitrator. May, 269 Mont. at 30, 887 P.2d at 192 (Trieweiler, J., concurring). The Second Circuit held in Merrill Lynch, Pierce, Fencer & Smith v. Bobker (2d. Cir. 1986), 808 F.2d 930, 933-34, that the test for manifest disregard of the law required that the “arbitrator appreciates the existence of a *418 clearly governing legal principle but decides to ignore or pay no attention to it.”
Among Geisslers’ allegations, only their assertion that the panel might have dismissed the claim based on Sanem’s statute of limitations defense arguably relates to manifest disregard of the law. However, Geisslers do not state that the panel, in fact, dismissed their claim based upon the statute of limitations defense, or whether instead it dismissed the claim on one of several other bases for the defendants’ motions. Furthermore, it is not clear that the panel concluded that the New York statute of limitations relied on by the plaintiffs was actually applicable to this Montana transaction. Therefore, the District Court could not conclude, based on the allegations in Geisslers’ appeal, that the panel ignored clearly applicable law.
We conclude that the District Court correctly granted the defendants’ motions to dismiss, and we affirm the judgment of the District Court.
JUSTICES LEAPHART, REGNIER and HUNT concur.