JUSTICE TRIEWEILER
delivered the opinion of the Court.
¶1 The plaintiff, Bruce Nelson, brought this action in the District Court for the Sixth Judicial District in Park County to recover damages from the defendants Livingston Rebuild Center, Inc., L.R.C. Sales, Inc., and Randolph Peterson, pursuant to the Wrongful Discharge From Employment Act. The parties, except Peterson, stipulated to arbitration. Following the arbitrator’s decision, the defendants moved the District Court to vacate parts of the decision. The District Court remanded to the arbitrator to consider that motion, and the arbitrator made an amended award. Nelson appeals from the District Court’s entry of judgment pursuant to the arbitrator’s amended award. We reverse the judgment of the District Court.
¶2 The sole issue presented on appeal is whether the District Court erred when it remanded this case to the arbitrator for reconsideration of damages.
FACTUAL BACKGROUND
¶3 Bruce Nelson was hired as a manager by Livingston Rebuild Center, Inc. in 1988. LRC operates a railroad maintenance and repair facility in Livingston, Montana. Through a series of promotions, Nelson became vice-president of sales and marketing for LRC and president of L.R.C. Sales, Inc., a subsidiary of LRC. Nelson’s employment was summarily terminated by LRC president Randolph Peterson on September 20, 1996, based on Peterson’s belief that Nelson had caused LRC to underbid a locomotive maintenance and repair con *410 tract, and had subsequently refused to accept responsibility for his mistake.
¶4 On February 19 and 20,1997, the Department of Labor and Industry held a hearing to review a Department determination that Nelson had been discharged for misconduct, which disqualified him from unemployment insurance benefits. Peterson and other LRC executives testified at the hearing. The hearing examiner concluded that Nelson was discharged for reasons other than misconduct and reinstated his benefits.
¶5 Nelson was unable to obtain other employment in Montana. He initiated a nation-wide job search and eventually found a comparable position in Chicago. Nelson’s wife was employed in Livingston, and the two owned a small ranch in the Paradise Valley. Instead of relocating the household to Illinois, Nelson maintained an apartment in Chicago and commuted between his job there and his home in Montana.
¶6 Nelson filed a complaint for wrongful discharge against LRC which included an allegation that it and Peterson intentionally and maliciously interfered with his right to receive unemployment benefits. Nelson and LRC stipulated to binding arbitration, pursuant to the Wrongful Discharge From Employment Act and the Montana Uniform Arbitration Act. The arbitrator concluded that Nelson’s discharge was unlawful and awarded Nelson the following damages:
1. Out-of-pocket losses $ 46,309
2. Loss of fringe benefits 85,750
3. Extra living expenses 64,890
4. Loss of base salary 229,250
TOTAL LOSS 426,199
Less reemployment mitigation ('331,630')
NET LOSS 94.569
The arbitrator also concluded that Nelson had not proven his claim for interference with his unemployment benefits. The arbitrator issued a written decision and award on November 28, 1997.
¶7 On December 10,1997, LRC moved the District Court to vacate the extra living expenses portion of the award, as well as those out-of-pocket losses which consisted of attorney fees for the unemployment hearing. The District Court did not decide the motion, but *411 instead re-appointed the arbitrator to consider any motions to modify or vacate the award. The arbitrator subsequently considered LRC’s motion, as well as a motion submitted by Nelson for reimbursement for the arbitrator’s fees and costs. The arbitrator issued a modified award which vacated the portions of the original award related to extra living expenses and attorney fees from the unemployment hearing, but which awarded Nelson reimbursement for his share of the arbitrator’s fees and costs. The amended award reduced Nelson’s net recovery to $28,673.34.
¶8 Nelson moved the District Court for entry of judgment in the amount of the original award and LRC moved for entry of judgment in the amount of the amended award. Nelson appeals from the District Court’s order entering judgment for the amended award.
DISCUSSION
¶9 Did the District Court err when it remanded the case to the arbitrator for reconsideration of damages?
¶10 Nelson contends that the District Court could not enter judgment for the amended award because it erred when it remanded the case to the arbitrator. He argues that the arbitrator did not have the authority to amend the award. LRC contends that the arbitrator “exceeded his powers” when he made the first award and that the District Court properly gave the arbitrator the authority to vacate portions of the first award pursuant to § 27-5-312, MCA.
¶ 11 Judicial review of arbitration awards is strictly limited by statute. See Geissler v. Sanem (1997), 285 Mont. 411, 414-15, 949 P.2d 234, 237; Stockade Enters, v. Ahl (1995), 273 Mont. 520, 522, 905 P.2d 156, 157; Duchscher v. Vaile (1994), 269 Mont. 1, 4, 887 P.2d 181, 183; May v. First Nat’l Pawn Brokers, Ltd. (1994), 269 Mont. 19, 22, 887 P.2d 185, 187. When a matter has been submitted to binding arbitration, courts are not permitted to review the merits of the controversy, but may only vacate, modify, or correct an arbitration award pursuant to §§ 27-5-312 and -313, MCA. See Stockade, 273 Mont. at 523, 905 P.2d at 157. The modification of an award by an arbitrator is further limited by § 27-5-217, MCA, which provides in pertinent part:
On the application of a party or, if an application to the court is pending under 27-5-311, 27-5-312, or 27-5-313, on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in 27-5-313(l)(a) and (l)(c) or for the purpose of clarifying the award.
*412 (Emphasis added.) Section 27-5-313(l)(a), MCA, provides for the modification or correction of an award for an evident miscalculation of figures or a mistake in the description of a person, thing, or property. Section 27-5-313(l)(c), MCA, provides for modification or correction of an award if it is imperfect in a matter of form which does not affect the merits of the controversy.
¶ 12 In this case, LRC moved the District Court to vacate a portion of the arbitration award, or in the alternative, to vacate the entire award. The basis for the motion was its contention that the arbitrator had awarded damages which were not provided for by the WDFEA and that he had thereby exceeded his powers. The provision of the MUAA which permits a district court to review and vacate an award upon a finding that the arbitrator has exceeded his powers is § 27-4-312(l)(c), MCA. It is not one of the provisions enumerated in § 27-5-217, MCA, pursuant to which an arbitrator may modify or correct an award.
¶13 When the arbitrator granted LRC’s motion to vacate portions of the original damage award, he made substantive modifications to the original award, rather than the corrections or clarifications which he was authorized to make pursuant to § 27-5-217, MCA. Therefore, based on the plain language of the MUAA, we conclude that the District Court erred when it remanded LRC’s motion to vacate the award to the arbitrator, and when it entered judgment for the amount of the amended award. The arbitrator was without statutory authority to make substantive changes to the original award.
¶14 Furthermore, the District Court was without authority to vacate or modify the award except for the statutory bases set forth in §§ 27-5-312 and -313, MCA. LRC contends that the court could properly have done so pursuant to § 27-5-312(l)(c), MCA, which provides that an arbitration award may be set aside when an arbitrator has exceeded his powers.
¶15 LRC cites to Azcon Construction Co. v. Golden Hills Resorts, Inc. (S.D. 1993), 498 N.W.2d 630, in support of its argument. However, the rule from cases like Azcon and other “excess of powers” cases cited by LRC is that “[a]n arbitrator’s authority is limited by the bounds of the agreement, and courts may vacate awards that extend beyond the contractual scope of arbitration. An arbitrator exceeds his powers when he decides matters which were not submitted to him.” JBC of Wyoming Corp. v. City of Cheyenne (Wyo. 1992), 843 P.2d 1190, 1196 (citations omitted).
*413 ¶16 Such cases are distinguishable from the present case. They stand for the principle that an arbitrator exceeds his powers when he acts in excess of the authority granted to him by the arbitration agreement, as when he decides issues which have not been submitted to him. See Azcon, 498 N.W.2d at 633-34.
¶17 LRC contends that the dispute was submitted to arbitration pursuant to the WDFEA; that § 39-2-914(2)(b), MCA, provides that where the MUAA and the WDFEA are inconsistent, the WDFEA applies; and that the arbitrator’s powers were, therefore, limited by the terms of the WDFEA.
¶18 Nelson responds that his costs to disprove allegations of misconduct, and to live in and commute from Chicago, were recoverable pursuant to § 39-2-905, MCA, as amounts necessary to obtain and relocate to new employment, but that even if this Court held otherwise, the arbitrator awarded the damages on that basis and did not exceed his powers merely because his legal conclusion may have been incorrect. Without reaching the merits of whether the damages were correctly awarded in the first instance, we agree that the arbitrator did not exceed his powers by awarding them. The fact that the damages might not have been awarded by a court of law is not grounds for vacating the award. See Section 27-5-312(2), MCA; Duchscher, 269 Mont. at 5, 887 P.2d at 184. “Courts ... do not sit to hear claims of factual and legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.... If courts were free to intervene on these grounds, the speedy resolution of grievances by private mechanisms would be greatly undermined.” United Pepperworkers Int’l Union v. Misco, Inc. (1987), 484 U.S. 29, 38, 108 S. Ct. 364, 370-71, 98 L. Ed. 2d 286, 299.
¶19 “If the remedy fashioned by the arbitrator has been rationally derived from the [arbitration] agreement it will be upheld on review.” Savage Educ. Ass’n v. Trustees of Richland County (1984), 214 Mont. 289, 297, 692 P.2d 1237, 1241. Whether legally correct of incorrect, we conclude that the arbitrator’s original award was rationally derived from the agreement to arbitrate entered into by the parties.
¶20 We conclude that the District Court erred when it remanded the motion to vacate portions of the award to the arbitrator. We further conclude that the District Court erred when it entered judgment for the amount of the amended arbitration award. We reverse the judgment of the District Court and remand this case with instruc *414 tions to enter judgment for the amount of the original arbitration award.
JUSTICES REGNIER, LEAPHART and NELSON concur.