No. 00-504

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 32N

MERRIE G. YOUNG,

Plaintiff/Appellant,

v.

COMMUNITY HOSPITAL AND

NURSING HOME OF ANACONDA,

Defendant/Respondent.

APPEAL FROM: District Court of the Third Judicial District,

In and for the County of Deer Lodge,

The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Brian T. Atcheson, Atcheson Law Office, Butte, Montana

For Respondent:

K. Kent Koolen, William J. Speare, Moulton, Bellingham, Longo & Mather, Billings, Montana

Submitted on Briefs: January 11, 2001
Decided: February 22, 2001

Filed:

_____

Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Merrie Young brought this action seeking to overturn an arbitration award under the provisions of § 27-5-312, MCA, or § 27-5-313(2), MCA, claiming that she was never made aware that the arbitration award would be final and binding. The District Court of the Third Judicial District, Deer Lodge County, dismissed her claim. We affirm.

¶3 The dispositive issue on appeal is whether the District Court erred in denying the appellant's application to vacate the arbitration award.

Factual and Procedural Background

¶4 The appellant, Merrie G. Young, was employed by the Community Hospital and Nursing Home of Anaconda (Community Hospital) as its Director of Human Resources and Risk Management. Until sometime in 1997, the Community Hospital also retained outside counsel to handle labor relations and union contract negotiations. When outside counsel informed the hospital in September of 1997 that he intended to retire, Community Hospital decided to create a new in-house position combining the duties of labor relations and Human Resources. According to Community Hospital, this position could not be filled by Young, as she had no labor relations training or experience. Community Hospital informed Young that her position was being eliminated and offered her a severance agreement. Young was told she would not be considered for the new position and that there was not another position available.

¶5 Young did not accept or reject the severance agreement, but instead took sick leave, citing stress as a cause of her health problems. She remained employed by the Community Hospital and received sick leave pay until February 20, 1998, at which point her accumulated sick leave ran out. On March 19, 1998, Community Hospital offered a new position to Young in a different area, at the same pay rate she had received as personnel director. She did not accept or reject the new position. She did not return to work but was still paid, using the remainder of her vacation pay, until April 7. On April 8, she was placed on unpaid leave of absence, continuing until she negotiated a severance package or returned to work at Community Hospital.

¶6 In August of 1998, Young advised Community Hospital, through her attorney, that she had decided to reject the offer of continuing employment. Her termination was then processed by Community Hospital as a voluntary resignation effective August 21, 1998.

¶7 On November 20, 1998, Young filed suit against Community Hospital in District Court, alleging that she had been wrongfully terminated. Later, the parties entered into an agreement to arbitrate Young's claims pursuant to § 39-2-914, MCA, and the parties filed a stipulation to dismiss the District Court case, with prejudice.

¶8 The case was heard by an arbitrator who issued his Findings of Fact and Conclusions of Law on February 15, 2000. The arbitrator determined that Young had not been wrongfully discharged and found in favor of Community Hospital. Young filed an Application to Vacate or Modify the Arbitration Award. She contended that she was never apprised by her attorney, or during the arbitration proceedings below, that the award to be made in the arbitration would be final and binding.

¶9 The District Court denied Young's application. From that order, Young appeals.

Standard of Review

¶10 This Court reviews the refusal of a district court to vacate, modify or correct an arbitration award under an abuse of discretion standard. *Duchscher v. Vaile* (1994), 269 Mont. 1, 5, 887 P.2d 181, 184. The scope of judicial review of an arbitration award is strictly limited to the statutory provisions governing arbitration. *Duchscher*, 269 Mont. at 4, 887 P.2d at 183. Montana's statutes establishing the grounds to modify, correct or vacate an arbitration award generally limit the district court's review to allegations of fraud, partiality, misconduct, excess of power, or technical problems in the execution of

the award. *Duchscher,* 269 Mont. at 4, 887 P.2d at 183.

## Discussion

¶11 Judicial review of an arbitration award is strictly limited by statute. *Duchscher,* 269 Mont. at 4, 887 P.2d at 183. The sole grounds for vacating an arbitration award on application of a party are specified in § 27-5-312(1), MCA:

> (a) the award was procured by corruption, fraud, or other undue means;

> (b) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

> (c) the arbitrators exceeded their powers;

> (d) the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of 27-5-213, as to prejudice substantially the rights of a party; or

> (e) there was no arbitration agreement and the issue was not adversely determined in proceedings under 27-5-115 and the party did not participate in the arbitration hearing without raising the objection.

¶12 Section 27-5-313(1), MCA, further provides:

Upon application made within 90 days after delivery of a copy of the award to the applicant, the district court shall modify or correct the award if:

> (a) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award;

> (b) the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

> (c) the award is imperfect in a matter of form not affecting the merits of the controversy.

¶13 The burden of proof in establishing a statutory basis for vacating an arbitration award is on the party attacking the award. *May v. First Nat. Pawn Brokers, Ltd.* (1994), 269 Mont. 19, 25, 887 P.2d 185, 189. Young has not cited to the District Court or to this Court any statutory basis for vacating the award made by the arbitrator. Moreover, it is clear from the record that none of the statutorily enumerated grounds exists.

¶14 Young contends that the award should have been vacated under § 27-5-313(1)(c), MCA, in that the award is imperfect in a matter of form not affecting the merits of the controversy. The purpose of this provision, however, is to act as a remedy for technical difficulties in executing an otherwise meritorious award.

¶15 Young's complaint that she was not properly advised by her attorney about the binding nature of the proceedings is a matter between the two of them. He had apparent authority to sign the arbitration agreement on her behalf, and was evidently aware of the binding nature of the proceedings. "[K]nowledge of facts by an attorney is knowledge by the client, regardless of whether the attorney actually communicated the information to the client." *Kaeding v. W.R. Grace & Co.-Conn.* (1998), 289 Mont. 343, 351, 961 P.2d 1256, 1261. Further, Young's participation in the arbitration serves as a ratification of her attorney's authority to sign the agreement.

¶16 We cannot find that the District Court erred in dismissing Young's application to vacate the award. The decision of the District Court is affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON