No. 98-522

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 116

294 Mont. 408

981 P.2d 1185

BRUCE NELSON,

Plaintiff and Appellant,

v.

LIVINGSTON REBUILD CENTER, INC.,

L.R.C. SALES, INC., and RANDOLPH PETERSON,

Defendants and Respondents.

No

APPEAL FROM: District Court of the Sixth Judicial District,

In and for the County of Park,

The Honorable Wm. Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Monte D. Beck and John J. Richardson; Beck & Richardson, PLLC;

Bozeman, Montana

For Respondents:

Kenneth D. Tolliver and Virginia A. Bryan; Wright,

Tolliver and Guthals, P.C.; Billings, Montana

Submitted on Briefs: February 18, 1999

Decided: May 28, 1999

_____

Justice Terry N. Trieweiler delivered the opinion of the Court.

**¶1. The plaintiff, Bruce Nelson, brought this action in the District Court for the Sixth Judicial District in Park County to recover damages from the defendants Livingston Rebuild Center, Inc., L.R.C. Sales, Inc., and Randolph Peterson, pursuant to the Wrongful Discharge From Employment Act. The parties, except Peterson, stipulated to arbitration. Following the arbitrator's decision, the defendants moved the District Court to vacate parts of the decision. The District Court remanded to the arbitrator to consider that motion, and the arbitrator made an amended award. Nelson appeals from the District Court's entry of judgment pursuant to the arbitrator's amended award. We reverse the judgment of the District Court.**

**¶2. The sole issue presented on appeal is whether the District Court erred when it remanded this case to the arbitrator for reconsideration of damages.**

FACTUAL BACKGROUND

**¶3. Bruce Nelson was hired as a manager by Livingston Rebuild Center, Inc. in 1988. LRC operates a railroad maintenance and repair facility in Livingston, Montana. Through a series of promotions, Nelson became vice-president of sales and marketing for LRC and president of L.R.C. Sales, Inc., a subsidiary of LRC. Nelson's employment was summarily terminated by LRC president Randolph Peterson on September 20, 1996, based on Peterson's belief that Nelson had caused LRC to underbid a locomotive maintenance and repair contract, and had subsequently refused to accept responsibility for his mistake.**

**¶4. On February 19 and 20, 1997, the Department of Labor and Industry held a hearing to review a Department determination that Nelson had been discharged for misconduct, which disqualified him from unemployment insurance benefits. Peterson**

and other LRC executives testified at the hearing. The hearing examiner concluded that Nelson was discharged for reasons other than misconduct and reinstated his benefits.

¶5. Nelson was unable to obtain other employment in Montana. He initiated a nation-wide job search and eventually found a comparable position in Chicago. Nelson's wife was employed in Livingston, and the two owned a small ranch in the Paradise Valley. Instead of relocating the household to Illinois, Nelson maintained an apartment in Chicago and commuted between his job there and his home in Montana.

¶6. Nelson filed a complaint for wrongful discharge against LRC which included an allegation that it and Peterson intentionally and maliciously interfered with his right to receive unemployment benefits. Nelson and LRC stipulated to binding arbitration, pursuant to the Wrongful Discharge From Employment Act and the Montana Uniform Arbitration Act. The arbitrator concluded that Nelson's discharge was unlawful and awarded Nelson the following damages:

1. Out-of-pocket losses $ 46,309

2. Loss of fringe benefits 85,750

3. Extra living expenses 64,890

4. Loss of base salary <u>229,250</u>

TOTAL LOSS 426,199

Less reemployment mitigation <u>(331,630)</u>

NET LOSS 94,569


The arbitrator also concluded that Nelson had not proven his claim for interference with his unemployment benefits. The arbitrator issued a written decision and award on November 28, 1997.

¶7. On December 10, 1997, LRC moved the District Court to vacate the extra living expenses portion of the award, as well as those out-of-pocket losses which consisted of attorney fees for the unemployment hearing. The District Court did not decide the motion, but instead re-appointed the arbitrator to consider any motions to modify or vacate the award. The arbitrator subsequently considered LRC's motion, as well as a motion submitted by Nelson for reimbursement for the arbitrator's fees and costs. The arbitrator issued a modified award which vacated the portions of the original award related to extra living expenses and attorney fees from the unemployment hearing, but which awarded Nelson reimbursement for his share of the arbitrator's fees and costs. The amended award reduced Nelson's net recovery to $28,673.34.

¶8. Nelson moved the District Court for entry of judgment in the amount of the original award and LRC moved for entry of judgment in the amount of the amended award. Nelson appeals from the District Court's order entering judgment for the amended award.

## DISCUSSION

¶9. Did the District Court err when it remanded the case to the arbitrator for reconsideration of damages?

¶10. Nelson contends that the District Court could not enter judgment for the amended award because it erred when it remanded the case to the arbitrator. He argues that the arbitrator did not have the authority to amend the award. LRC contends that the arbitrator "exceeded his powers" when he made the first award and that the District Court properly gave the arbitrator the authority to vacate portions of the first award pursuant to § 27-5-312, MCA.

¶11. Judicial review of arbitration awards is strictly limited by statute. *See Geissler v. Sanem* (1997), 285 Mont. 411, 414-15, 949 P.2d 234, 237; *Stockade Enters. v. Ahl* (1995), 273 Mont. 520, 522, 905 P.2d 156, 157; *Duchscher v. Vaile* (1994), 269 Mont. 1, 4, 887 P.2d 181, 183; *May v. First Nat'l Pawn Brokers, Ltd.* (1994), 269 Mont. 19, 22, 887 P.2d 185, 187. When a matter has been submitted to binding arbitration, courts are not permitted to review the merits of the controversy, but may only vacate, modify, or correct an arbitration award pursuant to §§ 27-5-312 and -313, MCA. *See Stockade*, 273 Mont. at 523, 905 P.2d at 157. The modification of an award by an arbitrator is further limited by § 27-5-217, MCA, which provides in pertinent part:

On the application of a party or, if an application to the court is pending under 27-5-311, 27-5-312, or 27-5-313, on submission to the arbitrators by the court under such conditions as the court may order, <u>the arbitrators may modify or correct the award upon the grounds stated in 27-5-313(1)(a) and (1)(c) or for the purpose of clarifying the award</u>.

(Emphasis added.) Section 27-5-313(1)(a), MCA, provides for the modification or correction of an award for an evident miscalculation of figures or a mistake in the description of a person, thing, or property. Section 27-5-313(1)(c), MCA, provides for modification or correction of an award if it is imperfect in a matter of form which does not affect the merits of the controversy.

**¶12. In this case, LRC moved the District Court to vacate a portion of the arbitration award, or in the alternative, to vacate the entire award. The basis for the motion was its contention that the arbitrator had awarded damages which were not provided for by the WDFEA and that he had thereby exceeded his powers. The provision of the MUAA which permits a district court to review and vacate an award upon a finding that the arbitrator has exceeded his powers is § 27-4-312(1)(c), MCA. It is not one of the provisions enumerated in § 27-5-217, MCA, pursuant to which an arbitrator may modify or correct an award.**

**¶13. When the arbitrator granted LRC's motion to vacate portions of the original damage award, he made substantive modifications to the original award, rather than the corrections or clarifications which he was authorized to make pursuant to § 27-5-217, MCA. Therefore, based on the plain language of the MUAA, we conclude that the District Court erred when it remanded LRC's motion to vacate the award to the arbitrator, and when it entered judgment for the amount of the amended award. The arbitrator was without statutory authority to make substantive changes to the original award.**

**¶14. Furthermore, the District Court was without authority to vacate or modify the award except for the statutory bases set forth in §§ 27-5-312 and -313, MCA. LRC contends that the court could properly have done so pursuant to § 27-5-312(1)(c), MCA, which provides that an arbitration award may be set aside when an arbitrator has exceeded his powers.**

**¶15. LRC cites to *Azcon Construction Co. v. Golden Hills Resorts, Inc.* (S.D. 1993), 498**

N.W.2d 630, in support of its argument. However, the rule from cases like *Azcon* and other "excess of powers" cases cited by LRC is that "[a]n arbitrator's authority is limited by the bounds of the agreement, and courts may vacate awards that extend beyond the contractual scope of arbitration. An arbitrator exceeds his powers when he decides matters which were not submitted to him." *JBC of Wyoming Corp. v. City of Cheyenne* (Wyo. 1992), 843 P.2d 1190, 1196 (citations omitted).

¶16. Such cases are distinguishable from the present case. They stand for the principle that an arbitrator exceeds his powers when he acts in excess of the authority granted to him by the arbitration agreement, as when he decides issues which have not been submitted to him. *See Azcon*, 498 N.W.2d at 633-34.

¶17. LRC contends that the dispute was submitted to arbitration pursuant to the WDFEA; that § 39-2-914(2)(b), MCA, provides that where the MUAA and the WDFEA are inconsistent, the WDFEA applies; and that the arbitrator's powers were, therefore, limited by the terms of the WDFEA.

¶18. Nelson responds that his costs to disprove allegations of misconduct, and to live in and commute from Chicago, were recoverable pursuant to § 39-2-905, MCA, as amounts necessary to obtain and relocate to new employment, but that even if this Court held otherwise, the arbitrator awarded the damages on that basis and did not exceed his powers merely because his legal conclusion may have been incorrect. Without reaching the merits of whether the damages were correctly awarded in the first instance, we agree that the arbitrator did not exceed his powers by awarding them. The fact that the damages might not have been awarded by a court of law is not grounds for vacating the award. *See* Section 27-5-312(2), MCA; *Duchscher*, 269 Mont. at 5, 887 P.2d at 184. "Courts . . . do not sit to hear claims of factual and legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts . . . . If courts were free to intervene on these grounds, the speedy resolution of grievances by private mechanisms would be greatly undermined." *United Pepperworkers Int'l Union v. Misco, Inc.* (1987), 484 U.S. 29, 38, 108 S. Ct. 364, 370-71, 98 L. Ed. 2d 286, 299.

¶19. "If the remedy fashioned by the arbitrator has been rationally derived from the [arbitration] agreement it will be upheld on review." *Savage Educ. Ass'n v. Trustees of Richland County* (1984), 214 Mont. 289, 297, 692 P.2d 1237, 1241. Whether legally correct or incorrect, we conclude that the arbitrator's original award was rationally

**derived from the agreement to arbitrate entered into by the parties.**

**¶20. We conclude that the District Court erred when it remanded the motion to vacate portions of the award to the arbitrator. We further conclude that the District Court erred when it entered judgment for the amount of the amended arbitration award. We reverse the judgment of the District Court and remand this case with instructions to enter judgment for the amount of the original arbitration award.**

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

Justice Karla M. Gray, dissenting.

**¶21. While I agree with the Court's conclusion that the District Court erred in remanding to the arbitrator in this case, I would approach that question somewhat differently. In addition, I respectfully dissent from the Court's conclusion that the**

original arbitration award could not be vacated and, thereafter, amended to comply with the WDFEA.

¶22. It is clear that, on application by a party, a district court must vacate an arbitration award if--among other things--the arbitrator exceeded his powers. Section 27-5-312(1)(c), MCA. Thus, when the District Court was faced with LRC's motion to vacate the original arbitration award pursuant to § 27-5-312(1)(c), MCA, the issue of whether the arbitrator exceeded his powers was squarely before it. Moreover, because nothing in the statute authorizes the court to remand such a motion to the arbitrator for decision, the District Court itself was compelled to rule on the motion. Indeed, § 27-5-312(4), MCA, clarifies that the court may order a rehearing before the arbitrator "if the award is vacated on grounds set forth in subsection (1) (c) . . . ." (Emphasis added.) In other words, the court must determine the motion to vacate and may order a rehearing in the event it vacates the award. On these bases, I join the Court in concluding that the District Court erred in remanding LRC's motion to vacate to the arbitrator for decision.

¶23. Having reached that conclusion, however, it is not altogether clear to me whether we should remand this case to the District Court for a decision on LRC's motion to vacate under § 27-5-312(1)(c), MCA, or whether we properly can address the merits of whether the arbitrator exceeded his powers in the original award and, as a result, whether LRC's motion to vacate should have been granted. The former may be the more technically correct answer. The Court having proceeded to address the merits of the arbitrator's amendment of the original award, however, I will do the same and in doing so, respectfully dissent from the Court's conclusion that the arbitrator did not exceed his powers in the original arbitration award.

¶24. The Court correctly cites *JBC of Wyoming Corp.* for the principles that an arbitrator's authority is limited by the bounds of the arbitration agreement and that, when an award extends beyond the contractual scope of arbitration, a court may vacate the award. Applying those principles to the case before us mandates a conclusion that the original award exceeded the arbitrator's authority.

¶25. Here, there is no question that Nelson's claim was being pursued under the WDFEA, §§ 39-2-901, *et seq.*, MCA, and, indeed, the parties' stipulation and agreement for arbitration expressly states that the submission to arbitration was pursuant to both the WDFEA and the UAA. Under the stipulation and agreement, then, and pursuant to the express terms of § 39-2-914, MCA, the provisions of the WDFEA are incorporated into the arbitration process. In pertinent part, those

provisions are that 1) while the arbitration is governed by the UAA, in the event of any conflict between the UAA and the WDFEA, the WDFEA controls; and 2) the arbitrator is bound by the WDFEA. *See* §§ 39-2-914(2)(b) and (2)(c), MCA.

¶26. Under § 39-2-905, MCA, recovery by an employee who has been wrongfully discharged from employment is limited to lost wages and fringe benefits for a limited period, together with interest thereon. In addition, interim earnings must be deducted from lost wages but, before such deduction, reasonable amounts expended in searching for, obtaining, or relocating to new employment are deducted from the interim earnings. Except for the recovery of punitive damages under delineated circumstances, no other damages for wrongful discharge are available.

¶27. Here, the arbitrator's original award determined that LRC's discharge of Nelson was wrongful, and that portion of the award--which went to the merits of Nelson's claim--has not been questioned or disputed by LRC. The original award then itemized Nelson's total damages--including out-of-pocket loss, loss of fringe benefits, extra living expenses and loss of base salary--and deducted interim earnings, resulting in a total damage award to Nelson of $94,569.

¶28. LRC's motion to vacate was premised on the arbitrator having exceeded his powers in awarding two items of damages: 1) expected future costs of maintaining two homes and commuting between them; and 2) attorney fees incurred by Nelson in related unemployment compensation proceedings. According to LRC, these damages were not recoverable under the WDFEA. On remand from the District Court, the arbitrator agreed and so do I. The arbitrator also concluded that, while an arbitrator's failure to apply the law correctly or his grant of relief which could not be granted by a court is not reversible under the UAA, the UAA must give way to the specific mandates of the WDFEA in this case. I agree and I respectfully dissent from the Court's conclusion to the contrary.

¶29. The Court correctly posits that, in the ordinary case, the fact that damages awarded could not have been awarded by a court is not grounds for vacating an arbitration award. *See* § 27-5-312(2), MCA. It is equally true, however, that that provision is located in the UAA and that § 39-2-914, MCA, and the parties' stipulation for arbitration, rendered the arbitrator bound by the WDFEA in this case. That is, since the UAA provision that an award cannot be vacated for granting relief which could not have been granted by a court is inconsistent with the

provisions of the WDFEA that the arbitrator is bound by the WDFEA and that, in the event of any conflict between the WDFEA and the UAA, the WDFEA applies, the § 39-2-914(2)(c), MCA, provision that the arbitrator is bound by the WDFEA--and, therefore, by its limitations on remedies--governs. As a result, in granting relief in the original award that was not available under the WDFEA, the arbitrator exceeded his powers and LRC was entitled to have the arbitration award vacated.

¶30. I would conclude that the arbitrator exceeded his powers in the original arbitration award and that, while the District Court should have vacated the award on that basis rather than remanding to the arbitrator to do so, LRC was entitled to have the original award vacated and judgment entered on the amended award. For those reasons, I would affirm the District Court and I respectfully dissent from the Court's failure to do so.

/S/ KARLA M. GRAY