No. 99-259

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 176N

MIKE RADAKOVICH,

Petitioner and Respondent,

v.

BOARD OF TRUSTEES, DANIELS COUNTY SCHOOL

DISTRICT NO. 1, SCOBEY, MONTANA, and NANCY

KEENAN, SUPERINTENDENT OF PUBLIC INSTRUCTION,

Respondents and Appellants.

APPEAL FROM: District Court of the Fifteenth Judicial District,

In and for the County of Daniels,

The Honorable David Cybulski, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Jeffrey M. Hindoien; Gough, Shanahan, Johnson & Waterman,

Helena, Montana

For Respondent:

Matthew W. Knierim; Christofferson & Knierim, Glasgow, Montana

---

Submitted on Briefs: August 19, 1999

Decided: July 6, 2000

Filed:

---

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

1. ¶Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

1. ¶Appellants Board of Trustees, et al. (hereafter, the Board) appeal from the judgment and order of the District Court.
2. ¶We reverse and remand for further action.
3. ¶We restate the issues as follows:
4. ¶1. Whether the District Court erred in concluding that it could review the arbitrator's decision.
5. ¶2. Whether the County Superintendent made sufficient findings of fact and conclusions of law to enable both the State Superintendent and the District Court to review his decision.

## Standard of Review

1. ¶We set forth our standard of review for contested cases involving teacher dismissals in Baldridge v. Board of Trustees (1994), 264 Mont. 199, 870 P.2d 711. A county superintendent's review of the trustees' decision to terminate a teacher must comport with the requirements of § 2-4-623, MCA. *See Baldridge*, 264 Mont. at 206, 870 P.2d at 715. The state superintendent's review of a county superintendent's decision "must be conducted pursuant to Rule 10.6.125, ARM." *Baldridge*, 264 Mont. at 207, 870 P.2d at 716. The State Superintendent "may not substitute his/her judgment for that of the county superintendent as to the weight of the evidence on questions of fact. The state superintendent may affirm the decision of the county superintendent or remand the case for further proceedings. . . ." *Baldridge*, 264 Mont. at 207-08, 870 P.2d at 716 (quoting Rule 10.6.125, ARM). A district court's review of a decision by the State Superintendent is controlled by § 2-4-704, MCA, which provides that such review "shall be confined to the record. . . . The court may not substitute its judgment for that of the agency as to the weight of

the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings." *Baldridge*, 264 Mont. at 209, 870 P.2d at 717 (quoting § 2-4-704, MCA). This Court in turn reviews administrative findings of fact to determine whether they are clearly erroneous; we review agency conclusions of law to determine whether they are correct. *See Baldridge*, 264 Mont. at 205, 870 P.2d at 714-15.

## Factual and Procedural Background

1. ¶Mike Radakovich (Radakovich) was a tenured teacher in the Scobey School District. In January, 1994 the Board determined that it had to reduce its expenditures. In March, 1994 Scobey School District Superintendent Dustin Hill wrote to the Chairperson of the Board, recommending that Radakovich be terminated under § 20-4-204, MCA. The Chair of the Board wrote to Radakovich and informed him of that recommendation.

2. ¶In April, 1994 a hearing before the Board was held. The Board voted to accept Superintendent Hill's recommendation that Radakovich be terminated. The Scobey Education Association apparently initiated a grievance on behalf of Radakovich that was submitted to arbitration. Radakovich separately appealed the decision of the Board to the Daniels County Superintendent of Schools. In December, 1994 a hearing was held before an arbitrator regarding whether the District had violated specific articles of the Collective Bargaining Agreement (CBA) in terminating Radakovich. The arbitrator denied Radakovich's grievance, concluding that the District had not violated the CBA when it terminated Radakovich.

3. ¶In a September, 1995 decision, the County Superintendent[1] ruled that he would not "redecide" the contractual issues that the arbitrator had determined. Further, the County Superintendent concluded that the school district had complied with the procedural requirements of § 20-4-204, MCA, and that the Board had complied with the requirements for terminating a tenured teacher pursuant to a RIF that were recognized in Ekwortzel v. Stillwater County, Sch. Dist. No. 31 (OSPI 201-92, 12 Ed. Law 45) (1993) and Hammer v. Dawson County High School Dist. (OSPI 216-92, 13 Ed. Law 25) (1994). The County Superintendent denied Radakovich's request for relief and affirmed the decision of the Board.

4. ¶Radakovich appealed the County Superintendent's decision to the Superintendent of Public Instruction (hereafter, the State Superintendent). In a Decision and Order entered in January, 1998 the State Superintendent affirmed the judgment of the County Superintendent, concluding that the County Superintendent had correctly

determined that the arbitrator's January, 1995 decision was *res judicata* of Radakovich's CBA claim before the County Superintendent and that Radakovich's "procedural rights had been met."

5. ¶Radakovich appealed the State Superintendent's Order to District Court. In an Order entered in March, 1999, the District Court concluded that § 20-4-203, MCA, requires that tenured teachers be given preference over non-tenured teachers when RIFs are implemented. Further, the District Court determined that "[a]n arbitrator's decision as a matter of public policy certainly cannot be used to avoid statutory or contractual rights under the theory of 'res judicata.' Courts as a matter of public policy must have jurisdiction to reverse arbitration decisions which are clearly legally erroneous and/or inconsistent with Montana law."

6. ¶The District Court reversed the orders of the State Superintendent and the County Superintendent and ordered the Scobey School District to reinstate Radakovich as a tenured teacher.

7. ¶From that order the Board appeals.

## Discussion

1. ¶1. Whether the District Court erred in concluding that it could review the arbitrator's decision.

2. ¶The Board argues that the arbitrator's decision regarding whether Radakovich's termination violated the terms of the CBA is res judicata and that the District Court therefore erred in reexamining that issue. Radakovich responds that the arbitrator's decision was clearly erroneous and that as a matter of public policy, a clearly erroneous arbitration decision cannot be "used to justify a RIF of a tenured teacher." Radakovich also argues that the arbitrator's decision is not binding because the CBA lacked the notice of arbitration required by § 27-5-114(4), MCA.

3. ¶A district court's review of arbitration decisions is circumscribed by statute. *See* Terra West v. Stu Henkel Realty, 2000 MT 43, ¶ 22, 996 P.2d 866, ¶ 22, 57 St.Rep. 207, ¶ 22 (citations omitted) (concluding that "[w]hen a matter has been submitted to binding arbitration, courts are not permitted to review the merits of the controversy, but may only confirm, vacate, modify, or correct an arbitration award pursuant to §§ 27-5-311, -312 and 313, MCA." Further, in Geissler v. Sanem (1997), 285 Mont. 411, 415-16, 949 P.2d 234, 237, we adopted a "manifest disregard of the law standard" with regard to arbitration decisions. We concluded that "the test for manifest disregard of the law require[s] that the 'arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore

or pay no attention to it.' " *Geissler*, 285 Mont. at 417-18, 949 P.2d at 239 (citations omitted).

4. ¶In the present case, Radakovich has not shown that the standards set forth under § 27-5-312, MCA, to vacate an arbitrator's award have been met, nor has he shown that the arbitrator "ruled in manifest disregard of the law." *Geissler*, 285 Mont. at 417, 949 P.2d at 238 (citations omitted). We hold that the District Court erred in concluding that it could review the arbitrator's decision concerning whether the termination of Radakovich violated the terms of the CBA.

5. ¶Radakovich also argues that he did not receive the notice required under § 27-5-114(4), MCA (1993). This argument is without merit. Section 27-5-114(4), MCA (1993), provides that "[n]otice that a contract is subject to arbitration pursuant to this chapter shall be typed in underlined capital letters on the first page of the contract; and unless such notice is displayed thereon, the contract may not be subject to arbitration." The parties do not dispute that the first page of the CBA lacks an underlined statement in capital letters that the CBA is subject to arbitration. However, as the Board notes, Radakovich has ignored the interplay of § 27-5-114(4), MCA (1993), with § 27-5-113, MCA. Section 27-5-113, MCA, provides that "[a]rbitration agreements between employers and employees or between their respective representatives are valid and enforceable and may be subject to all or portions of this chapter *if the agreement so specifies*, except 27-5-115, 27-5-311, 27-5-312(1) and (3) through (5), 27-5-313, and 27-5-322 *apply in each case*." Section 27-5-113, MCA (emphasis added). Section 27-5-114(4), MCA (1993), is not one of the enumerated statutes that "apply in each case." Section 27-5-113, MCA. Moreover, Radakovich has not shown that the CBA specifies that it is subject to "all or portions of this chapter." Section 27-5-113, MCA.

6. ¶2. Whether the County Superintendent made sufficient findings of fact and conclusions of law to enable both the State Superintendent and the District Court to review his decision.

7. ¶In *Baldridge*, we concluded that

When the county superintendent fails to comply with the applicable statute and rule in drafting her findings of fact, conclusions of law and order, neither the state superintendent nor the district court can "review" those findings of fact, conclusions of law and order and still comply with the requirements of the rules and statutes applicable to their levels. If a "review" is conducted under such circumstances, either the state superintendent or the district court or both wind up acting as the initial fact-finder, and the whole statutory appeal process collapses like a house of cards.

*Baldridge*, 264 Mont. at 211, 870 P.2d at 718.

1. ¶In the present case, the County Superintendent failed to comply with the requirements of § 2-4-623, MCA, and the mandate of Rule 10.6.119, ARM, to issue " '[f]indings of fact *accompanied by a concise and explicit statement of the underlying facts supporting the findings* based exclusively on the evidence and supporting authority or reasoned opinion for each conclusion of law.' " *Baldridge*, 264 Mont. at 206, 870 P.2d at 715 (citation omitted). The County Superintendent also failed to address an issue that Radakovich raised. The effect of these failures was that neither the State Superintendent nor the District Court could " 'review' [the County Superintendent's order] and still comply with the requirements of the rules and statutes applicable to their levels." *Baldridge*, 264 Mont. at 211, 870 P.2d at 718.

2. ¶Although the County Superintendent recognized that Radakovich was entitled to "objective [RIF] criteria that are fairly applied," the County Superintendent made no finding that the RIF criteria were objective, nor that they were fairly applied. Rather, the County Superintendent merely concluded that Radakovich had *notice* of the RIF criteria before his pre-termination hearing. Thus, the County Superintendent failed to make "a concise and explicit statement of the underlying facts supporting the finding[ ]" that the Board complied with *Ekwortzel's* requirement that RIF criteria be objective and fairly applied. *Baldridge*, 264 Mont. at 206, 870 P.2d at 715.

3. ¶Further, the County Superintendent failed to address Radakovich's contention, which he raised in the Prehearing Memorandum and Order, that "[u]nder Section 20-4-203, MCA, Mr. Radakovich was entitled to all protections due tenured teachers under a reduction in force for budgetary reasons, including any 'employment rights . . . provided for in a collectively bargained contract of the District.' " In Radakovich's appeal of the County Superintendent's decision to the State Superintendent, he asserted that the County Superintendent "refused to review whether the Respondent had complied with the protections offered teachers under M.C.A. Sec. 20-4-203." The State Superintendent also did not address this issue.

4. ¶In her Decision and Order, the State Superintendent agreed with the County Superintendent that Due Process requires "objective criteria fairly applied to decide which teachers will be terminated." The State Superintendent concluded that "[t]he County Superintendent found that the District satisfied these requirements and there is substantial credible evidence in the record to support these findings." As previously discussed, the State Superintendent erred in reviewing those findings

because they failed to comply "with the applicable statute and rule." *Baldridge*, 264 Mont. at 211, 870 P.2d at 718.

5. ¶The District Court in turn substituted its own findings concerning the RIF criteria and "methodology" in disregard of § 2-4-704, MCA, which provides in part that "[t]he court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. *The court may affirm the decision of the agency or remand the case for further proceedings*." Section 2-4-704(2), MCA (emphasis added). The District Court found that "[t]he methodology used by the School District to terminate Mike Radakovich was not prescribed by statute nor by contract with the union or the teachers." However, as previously noted, the County Superintendent's findings about the RIF criteria or "methodology" were deficient. Thus, the District Court could not "conduct a meaningful review of that decision so as to determine whether the state superintendent conducted a proper review." *Baldridge*, 264 Mont. at 211, 870 P.2d at 718. Moreover, we note that to the extent that this finding entailed review of the arbitrator's ruling concerning the CBA, the finding was foreclosed by Montana's statutes limiting judicial review of arbitration decisions.

6. ¶The District Court further concluded that "[a] tenured teacher in Montana is entitled to the protections of MCA § 20-4-203, which is interpreted to require that tenured teachers be given preference over non-tenured teachers in situations where a 'reduction in force' is required." This conclusion was not based on a review of the County Superintendent's conclusions as the County Superintendent failed to address this issue. We conclude that the District Court exceeded its statutorily prescribed scope of review in reaching this conclusion.

7. ¶In light of this record, we "cannot assure [Radakovich] that he has received his 'day in court' when [the County Superintendent] did not comply with statutes and administrative rules governing [his] findings of fact, conclusions of law and order." *Baldridge*, 264 Mont. at 211, 870 P.2d at 718. We hold that the District Court erred in reversing the State Superintendent's decision.

8. ¶We remand this case to the Fifteenth Judicial District Court with instructions to remand the case to the State Superintendent, who in turn will remand the case to the County Superintendent. The County Superintendent must follow the applicable statutes and rules, as set forth in *Baldridge*, and enter appropriately supported and reasoned findings of fact and conclusions of law concerning whether objective RIF criteria were fairly applied as well as Radakovich's claim under § 20-4-203, MCA.

9. ¶Reversed and remanded.

/S/ W. WILLIAM LEAPHART

We concur:


/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON


1. The Daniels County Superintendent of Schools disqualified herself and appointed Larry Stollfuss, the County Superintendent of Schools for Chouteau County (hereafter, the County Superintendent), to hear the case.